

1  Gregory G. Petersen (SBN 77744)
   Rex Hwang (SBN 221079)
2  CASTLE, PETERSEN AND KRAUSE, LLP
   Attorneys At Law
3  4675 MacArthur Court, Suite 1250
   Newport Beach, CA 92660
4  Telephone: (949) 417-5600
   Facsimile: (949) 417-5610
5  atty@cpk-law.com

6  Attorneys for Plaintiffs

7

8

9

10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11  EDWARD BREHM,                          )   CASE NO. CV 02-4979-JFW (JWJx)

12                       Plaintiff,        )   Assigned to the Honorable John F. Walter

13  vs.                                    )   [PROPOSED]  STIPULATED
                                           )   JUDGMENT
14  CITY OF LOS ANGELES; and               )
    DOES 1 through 10, inclusive,          )
15                                         )
                                           )
16                       Defendants.       )
                                           )
17  _____    )

18



19        Plaintiffs James Zourek, Jericho Velasquez, and Mell Hogg (hereinafter

20  collectively referred to as "Plaintiffs"), and Defendant City of Los Angeles

21  (hereinafter "City" or "Defendant") through their respective counsel of record,

22  hereby agree as follows:

23        1.    Plaintiffs and the City have executed Settlement Agreements and

24  Releases of All Claims, including attachments hereto (collectively "Settlement

25  Agreements") that resolve all of Plaintiffs' claims raised pursuant to the Fair

26  Labor Standards Act, 29 U.S.C. § 201-219, and the Portal to Portal Act of 1947,

27  29 U.S.C. §§ 251-262 (the Fair Labor Standards Act and the Portal to Portal Act of

28  1947 shall be referred to collectively as "FLSA") in this action, without any

1

1  admission of liability by the City.  Copies of the Settlement Agreements are

2  attached hereto.  Exhibit A (Settlement Agreement Mell Hogg), Exhibit B

3  (Settlement Agreement Jericho Velasquez), and Exhibit C (Settlement Agreement

4  James Zourek).

5      2.    Each of the Plaintiffs have received payment under the Settlement

6  Agreement pursuant to the terms of the Settlement Agreement.

7      3.    Pursuant to the terms of the Settlement Agreement, Plaintiffs and the

8  City consent to the Court's dismissal with prejudice of Plaintiffs' FLSA claims in

9  this action.

10

11  Stipulated and Agreed:

12

13  DATED:                      **CASTLE, PETERSEN & KRAUSE LLP**

14

15

16  By:    _____

17  Rex Hwang
    Attorneys for Plaintiffs

18  DATED:                      LIEBERT CASSIDY WHITMORE LLP

19

20

21  By:    _____

    Brian P. Walter
22  Attorneys for Defendant

23

24  IT IS ORDERED, ADJUDGED AND DECREED that:

25      1.    The Settlement Agreements and Releases of All Claims and

26          attachments thereto, executed by Plaintiffs and the City, copies of

27          which are attached hereto and made a part hereof, are ratified and

28          approved by the Court and incorporated into this Judgment.

[PROPOSED] STIPULATED JUDGMENT

admission of liability by the City. Copies of the Settlement Agreements are attached hereto. Exhibit A (Settlement Agreement Mell Hogg), Exhibit B (Settlement Agreement Jericho Velasquez), and Exhibit C (Settlement Agreement James Zourek).

2.    Each of the Plaintiffs have received payment under the Settlement Agreement pursuant to the terms of the Settlement Agreement.

3.    Pursuant to the terms of the Settlement Agreement, Plaintiffs and the City consent to the Court's dismissal with prejudice of Plaintiffs' FLSA claims in this action.

Stipulated and Agreed:

DATED:                          CASTLE, PETERSEN & KRAUSE LLP

By: _____
    Rex Hwang
    Attorneys for Plaintiffs

DATED: 2/10/2006               LIEBERT CASSIDY WHITMORE LLP

By: _____
    Brian P. Walter
    Attorneys for Defendant

IT IS ORDERED, ADJUDGED AND DECREED that:

1.    The Settlement Agreements and Releases of All Claims and attachments thereto, executed by Plaintiffs and the City, copies of which are attached hereto and made a part hereof, are ratified and approved by the Court and incorporated into this Judgment.

2

1    2.    Plaintiffs' FLSA claims are dismissed with prejudice.

2

3    IT IS SO ORDERED :

4    DATED: _2/21/06_    _____

5    Honorable John F. Walter
     United States District Court Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

[PROPOSED] STIPULATED JUDGMENT

SCANNED

# SETTLEMENT AGREEMENT AND RELEASE

## RECITALS

Beginning in 2000, a number of present and former police officers in the Los Angeles Police Department ("LAPD") individually retained The Petersen Law Firm to bring a lawsuit against their employer, the City of Los Angeles ("City"), a municipal corporation. Plaintiffs sought relief for an alleged violation of the federal Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 et seq., in regard to the payment of overtime, in an action entitled *Edward Brehm v. City of Los Angeles*, U.S. District Court, C.D. Cal. No. CV-02-4979-JFW (JWJx) (formerly SACV 00-748-GLT (MLGx)) ("the Brehm litigation" or "the Brehm action").

In 2002, present and/or former police officers in the LAPD individually retained The Petersen Law Firm to file an action against the City, entitled *Stella Lara v. City of Los Angeles*, U.S. District Court, C.D. Cal. No. 02-2185-GHK (RCx) ("the Lara litigation" or "the Lara action"), alleging that the City violated the provisions of the FLSA in regard to the payment of overtime.

The parties agreed on a settlement on or about January 9, 2003 on behalf of all Brehm and Lara plaintiffs, with the exception of plaintiffs Mell Hogg ("Hogg"), Jericho Velasquez ("Velasquez") and James Zourek ("Zourek"). Hogg, Velasquez and Zourek were not parties to the January 9, 2003 Settlement Agreement because they each were serving abroad in the United States military, and their claims could not be settled pursuant to the Soldiers and Sailors Civil Relief Act, 50 U.S.C. Appx., § 521. Hogg, Velasquez and Zourek have now returned from military leave, and the parties hereby enter into the following Settlement Agreement to resolve their claims in the manner set forth below:

Ex. A 1-31
4

1. **PARTIES**

This Settlement Agreement ("Agreement") is made by and between Hogg, a named

plaintiff in the Brehm action and/or the Lara action, and the City, a municipal corporation.

2. **DISPOSITION OF CLAIMS**

The parties, with the exception of Hogg, Velasquez and Zourek, due to their military

leave, previously agreed to a comprehensive release in, and global settlement of, the Brehm and

Lara actions. A true and correct copy of the January 9, 2003 Settlement Agreement is attached

hereto as Exhibit "1," and the terms of said Settlement Agreement are incorporated herein by

reference. The January 9, 2003 Settlement Agreement will hereinafter be referred to as "Exhibit

1" in this Agreement.

The purpose of this Agreement is to resolve and settle all outstanding claims, issues, and

disputes in the Brehm and/or Lara actions brought by Hogg against the City for the City's

alleged failure to compensate Hogg under the FLSA and any other applicable federal and state

laws. In consideration of the City's payment of $20,791.05 ($10,392.06 for back pay, $3,470.95

for liquidated damages and $6,928.04 for attorneys' fees) to Castle, Petersen & Krause, LLP on

behalf of Hogg, Hogg agrees to settle and release all the claims described more fully in Exhibit 1

to this Agreement. Hogg specifically agrees to waive any and all wage claims under federal and

state law existing at the time Exhibit 1 was executed, including but not limited to, FLSA wage

and hour claims and known FLSA retaliation claims, but excluding any workers' compensation

claims. As set forth in Exhibit 1, nothing in this settlement will alter the terms and conditions of

the prior agreements in the actions styled *Michael L. Kimpel v. Willie Williams* action, C.D. Cal.

No. CV 93-3441-GHK(RNBx) and *Michael C. Huff v. Bernard Parks*, C.D. Cal. No. CV 98-

10245-GHK(RNBx). Moreover, the parties expressly acknowledge and agree that Hogg will *not*

Ex. A 2-31

C:\Documents and Settings\gss\Desktop\Settlement Agreement - Hogg.doc                    5



be waiving any claims he may have, if any, in the pending action styled *Roberto Alaniz v. City of Los Angeles*, C.D. Cal. No. CV 04-8592-GHK (JWJx) ("Alaniz lawsuit" or "Alaniz action"), by virtue of this Agreement.

### 3.    WAIVER OF CALIFORNIA CIVIL CODE SECTION 1542

The parties understand that this Agreement extends to all grievances, disputes, or claims of every nature and kind, known or unknown, suspected or unsuspected, which are related to the claims of Hogg in the Brehm and Lara actions for unpaid wages, as described in the Recitals of Exhibit 1, including, but not limited to, any and all wage claims under the FLSA and under state law, including known retaliation claims under the FLSA related to the Brehm and Lara actions, but excluding workers' compensation claims and claims Hogg may have in the pending Alaniz action. The parties understand that this release does not address claims relating to any conduct or activity which occurs after the date of the execution of Exhibit 1, *i.e.*, January 9, 2003. The parties further acknowledge that any and all rights granted them under section 1542 of the California Civil Code, which are related to the claims of Hogg for unpaid wages, are hereby expressly waived. This section 1542 waiver does not include retaliation claims. Section 1542 of the California Civil Code reads as follows:

> SECTION 1542. CERTAIN CLAIMS AFFECTED BY GENERAL RELEASE.
>
> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM

Ex. A 3-31

6

OR HER MUST HAVE MATERIALLY AFFECTED HIS OR

HER SETTLEMENT WITH THE DEBTOR.

## 4.    RELEASE

Plaintiff Hogg and all of his respective attorneys, agents, and assignees, do hereby fully

and forever release and discharge each other, the City and its past or present governing bodies,

boards, officers, directors, attorneys, and agents, from any and all causes of action, actions,

judgments, liens, indebtedness, damages, losses, claims, liabilities, grievances, and demands

which are related to his claims in the Brehm and Lara actions regarding the City's alleged

violations of any and all wage laws, including but not limited to FLSA wage and hour claims,

and applicable wage and hour claims under state law, including known retaliation claims under

the FLSA related to the Brehm and Lara actions, but excluding workers' compensation claims

and claims Hogg may have in the pending Alaniz action, if any, as described more fully in the

Recitals of Exhibit 1.

The City hereby fully and forever releases and discharges Hogg and all of his respective

attorneys, agents, and assignees from any and all causes of action, actions, judgments, liens,

indebtedness, damages, losses, claims, liabilities, grievances, and demands arising from

plaintiffs' claims in the Brehm and Lara actions regarding the City's alleged violations of any

and all wage laws, including but not limited to FLSA wage and hour claims, and applicable wage

and hour claims under state law, including known retaliation claims under the FLSA related to

the Brehm and Lara actions, but excluding workers' compensation claims and claims Hogg may

have in the pending Alaniz action, if any, as described in the Recitals of Exhibit 1.

Ex .A  4-31

SCANNED

### 5.    PAYMENT OF SETTLEMENT AMOUNTS AND DISMISSAL OF

### BREHM AND LARA ACTIONS

Within thirty (30) days after the execution of this Agreement by the parties and approval

as to form and content by their counsel, the City shall deliver checks and/or warrants to Hogg's

attorneys of record, Castle, Petersen & Krause, LLP, in the following amounts:

**a.**    The sum of $10,392.06 for back pay (minus applicable withholdings as

specified in section 12 of this Agreement) and $3,470.95 for liquidated damages, made payable

by separate checks and/or warrants to "Mell Hogg."

**b.**    The sum of $6,926.04 to Hogg's attorneys of record, made payable by

check and/or warrant to "Castle, Petersen & Krause, LLP."

Within fourteen (14) calendar days after the City delivers checks and/or warrants to

Hogg's counsel of record in the amounts specified herein, Hogg's counsel of record shall file

with the District Court all documents necessary to effectuate a stipulated judgment concerning

Hogg's claims in the Brehm and Lara actions.

### 6.    DISCLOSURES AND REPRESENTATIONS

### a.    CONSULTATION WITH COUNSEL

Plaintiff Hogg has been informed of the opinion of his counsel, Gregory G. Petersen of

Castle, Petersen & Krause, LLP, with respect to the advisability of accepting the terms of this

Agreement, and with respect to the releases, waivers, and all matters contained herein. Hogg, in

accepting the settlement, agrees to the terms herein and holds harmless all attorneys, agents,

servants or others acting relevant thereto. The City has had sufficient time to consult with

**5**

Ex. A 5-31

counsel with respect to the advisability of executing this Agreement, and with respect to the
releases, waivers, and all matters contained herein. The City and Hogg acknowledge that they
have executed this Agreement without fraud, duress, or undue influence.

### b.    NO RELIANCE ON PRIOR REPRESENTATIONS

Statements made in the past have been modified by changing circumstances. Plaintiff
Hogg and the City acknowledge that the circumstances in this settlement are unique. Hogg and
any other officer, agent, employee, representative, or attorney, have not made any statements,
representations, or promises to the City regarding any facts which may be relied upon in
executing this Agreement, except as expressly stated in this Agreement. Neither the City, nor
any other officer, agent, employee, representative, nor attorney, has made any statement,
representation, or promise to Hogg regarding any facts which may be relied upon in executing
this Agreement, except as expressly stated in this Agreement.

### c.    VOLUNTARY AND KNOWING WAIVER OF RIGHT

Each party acknowledges that he or it has carefully read this Agreement and has been
advised fully by legal counsel of the legal and binding effect of its terms. Each party
acknowledges that the only promises made to induce him or it to sign this Agreement are those
stated herein. Having been fully advised and informed, each party voluntarily enters into this
Agreement and the waiver of rights covered by this Agreement. Hogg realizes that he has a right
under the FLSA or any other federal or state laws to minimum wages and unpaid overtime as set
forth in the FLSA or any other federal or state laws. Each party agrees that he or it is entering
into this Settlement Agreement because of uncertainty over the outcome of the litigation and the
potential for Hogg to receive anywhere from no damages to full liquidated damages and
attorneys' fees should the Brehm and/or Lara actions proceed to a final judgment and is therefore

q   Ex. A 6-31

not waiving any entitlement to overtime that he/it possessed under the FLSA or any other federal or state laws.

Each party understands, acknowledges, and agrees that this is a compromise settlement of disputed claims, and that nothing herein shall be deemed or construed at any time or for any purpose as an admission of the merits of any claim or defense.

### d.    ASSIGNMENT OF RIGHTS BY PLAINTIFF

Except for such assignations, transfers, or grants which may have occurred upon operation of law, the parties have not heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, causes of action, obligations, liens, judgments, orders, damages, liabilities, losses, costs and expenses of any kind, in law or in equity, whether known or unknown, that parties now hold, will ever hold, or have ever held against the other related to this case, including, but not limited to: 1) any and all claims, demands, or causes of action reflected in the lawsuit; 2) any and all claims, demands, or causes of action arising out of or in any way connected with any transactions, occurrences, acts or omissions set forth or alleged in the lawsuit; or 3) any and all claims, demands, or causes of action arising out of or in any way connected with any transactions, occurrences, acts or omissions occurring prior to the execution of Exhibit 1.

### 7.    REIMBURSEMENTS AND ATTORNEYS' FEES

The parties further agree that the amounts to be paid by the City to Hogg's counsel of record, Castle, Petersen & Krause, LLP, constitute full compensation of the attorneys' fees and costs to which plaintiffs are entitled by law from the City. Any additional fees and/or costs associated with the prosecution of the Brehm and Lara actions shall be borne solely by the Brehm and Lara plaintiffs and/or their counsel. However, if any action at law or in equity,

Ex. A 7-31



including any action for declaratory relief, is brought to enforce any or all of the provisions of this Agreement, the prevailing party will be entitled to and shall be awarded reasonable attorneys' fees, which may be set by the Court in the same action or in a separate action brought for that purpose, in addition to any other relief to which that party may be entitled.

**8.    ENTIRE AGREEMENT IS INTEGRATED**

The parties agree that the obligations contained in this Agreement are the sole and only consideration for it, and that no representations or inducements have been made by any party, or such party's employees, agents, or attorneys, except as specifically set forth in this Agreement. There is no other Agreement, written or oral, express or implied, between the parties with respect to the subject matter of this Agreement except as explicitly referred to herein. This Agreement supersedes any previous oral or written agreements or understandings between the parties regarding any matter contained in the Agreement. This Agreement cannot be amended, modified, or supplemented in any respect except by a written agreement executed by all the parties to this Agreement.

**9.    SUCCESSORS**

This Agreement shall be binding upon Hogg and his heirs, representatives, executors, administrators, successors and assigns, and shall inure to the benefit of each and all of the heirs, representatives, executors, administrators, successors, and assigns.

**10.    JOINT DRAFTING OF AGREEMENT**

Hogg, through his attorneys, and the City, through its attorneys, have participated in the drafting of this Agreement. The attorneys for all parties by their signature on this Agreement approve it as to form, and accordingly, the normal rule of construction to the effect that any

C:\Documents and Settings\gss\Desktop\Settlement Agreement - Hogg.doc

Ex. A 8-31

ambiguities are to be resolved against the drafting parties will not be employed in any interpretation of this Agreement.

### 11.    STIPULATED JUDGMENT

Upon execution by the parties and the Court's determination that the proposed settlement amount is fair, adequate, and reasonable, counsel for Hogg shall prepare the necessary documents and submit this Agreement to the Court for entry of a stipulated judgment.

### 12.    WITHHOLDING OF TAXES FROM SETTLEMENT AMOUNTS

The parties agree that the payments described in section 5 of this Agreement are subject to the tax treatment described below. The amount specified in subparagraph "a" shall be subject to legally required deductions and withholdings. The amounts specified in subparagraphs "b" and "c" shall be paid without withholdings.

  **a. Lost Income/Back Pay:** As to the payment of $10,392.06 to Hogg in settlement of all claims, the parties agree that this amount shall be subject to income tax and other legally required withholding, and will be reported by the City as income to Hogg on an IRS Form W-2.

  **b. Liquidated Damages:** As to the payment of $3,470.95 to Hogg in settlement of all claims, the parties agree that this amount represents liquidated damages and that this amount shall not be subject to income tax or other withholdings. The City will issue an IRS Form 1099 to Hogg in the amount of $3,470.95.

  **c. Attorneys' Fees:** As to the payment of $6,928.04 paid to Hogg's counsel of record, Castle, Petersen & Krause, LLP, for attorneys' fees incurred on Hogg's behalf, the City will issue an IRS Form 1099 to Castle, Petersen & Krause, LLP in the amount of $6,928.04.

Ex. A 9-31

12

The attorneys for the City and for Hogg make no warranty, representation or characterization regarding the tax obligations or consequences related to this Agreement. Hogg and/or his counsel of record are solely responsible for any and all taxes associated with the payments made to Hogg and his counsel of record under this Agreement.

**13.   SEVERABILITY**

This Agreement shall be considered severable, such that if any provision or part of the Agreement is ever held invalid under any law or ruling, that provision or part of the Agreement shall remain in force and effect to the extent allowed by law, and all other provisions or parts shall remain in full force and effect.

MELL HOGG

DATED: December _26_, 2005

By: _____

Mell Hogg, Plaintiff

CITY OF LOS ANGELES

DATED: December ___, 2005

By: _____

Gary Geuss, Esq.
Chief Assistant City Attorney

**APPROVED AS TO FORM:**

CASTLE, PETERSEN & KRAUSE LLP

DATED: December ___, 2005

By: _____

Gregory G. Petersen, Esq.
Attorneys for Plaintiff
MELL HOGG

C:\Documents and Settings\gss\Desktop\Settlement Agreement - Hogg.doc

Ex. A  10-31

13

LIEBERT CASSIDY WHITMORE

DATED: December ___, 2005

By:_____
    Brian P. Walter, Esq.
    Attorneys for Defendant
    CITY OF LOS ANGELES

SCANNED

14    Ex. A 11-31

settlement of all claims, the parties agree that this amount represents liquidated damages and that

this amount shall not be subject to income tax or other withholdings.  The City will issue an IRS

Form 1099 to Hogg in the amount of $3,470.95.

        c.      **Attorneys' Fees:**  As to the payment of $6,928.04 paid to Hogg's counsel

of record, Castle, Petersen & Krause, LLP, for attorneys' fees incurred on Hogg's behalf, the City

will issue an IRS Form 1099 to Castle, Petersen & Krause, LLP in the amount of $6,928.04.

        The attorneys for the City and for Hogg make no warranty, representation or

characterization regarding the tax obligations or consequences related to this Agreement.  Hogg

and/or his counsel of record are solely responsible for any and all taxes associated with the

payments made to Hogg and his counsel of record under this Agreement.

**13.    SEVERABILITY**

        This Agreement shall be considered severable, such that if any provision or part of the

Agreement is ever held invalid under any law or ruling, that provision or part of the Agreement

shall remain in force and effect to the extent allowed by law, and all other provisions or parts

shall remain in full force and effect.

MELL HOGG

DATED: December 27, 2005      By: _____

                           Mell Hogg, Plaintiff

CITY OF LOS ANGELES

DATED: December 27, 2005      By: _____

                           Gary Geuss, Esq.
                           Chief Assistant City Attorney

**APPROVED AS TO FORM:**

10

C:\Documents and Settings\Agrd\Desktop\Settlement Agreement - Hogg.doc

15      Ex. A 12-31

LIEBERT CASSIDY WHITMORE

DATED: January 5, 2006

By: *Brian P. Walter*

Brian P. Walter, Esq.
Attorneys for Defendant
CITY OF LOS ANGELES

SCANNED

178007.2E LO160-014

11

16    Ex. A 13-31

# SETTLEMENT AGREEMENT AND RELEASE

SCANNED

## RECITALS

Beginning in 2000, a number of present and former police officers in the Los Angeles Police Department ("LAPD") individually retained The Petersen Law Firm to bring a lawsuit against their employer, the City of Los Angeles ("City"), a municipal corporation. Plaintiffs sought relief for an alleged violation of the federal Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq.*, in regard to the payment of overtime, in an action entitled *Edward Brehm v. City of Los Angeles*, U.S. District Court, C.D. Cal. No. CV-02-4979-JFW (JWJx) (formerly SACV 00-748-GLT (MLGx)) ("the *Brehm* litigation" or "the *Brehm* action");

One provision of the FLSA, 29 U.S.C. § 216(b), allows employees to join a representative collective action under the FLSA by filing consents to join with the District Court, and approximately 573 present or former LAPD officers joined the *Brehm* litigation prior to the District Court-imposed deadline of April 1, 2001. Since the filing of the lawsuit, about 80 plaintiffs have been dismissed from the litigation, leaving four hundred ninety-three (493) plaintiffs to participate in the terms of this Settlement Agreement and Release;

In 2002, present and/or former police officers in the LAPD individually retained The Petersen Law Firm to file an action against the City, entitled *Stella Lara v. City of Los Angeles*, U.S. District Court, C.D. Cal. No. 02-2185-GHK (RCx) ("the *Lara* litigation" or "the *Lara* action"), alleging that the City violated the provisions of the FLSA in regard to the payment of overtime;

About 17 present and/or former police officers have joined the *Lara* litigation as of the stipulated opt-in cut-off deadline of August 28, 2002. The allegations in the *Brehm* and *Lara* actions are essentially the same, although not every claim is alleged by every plaintiff;

The *Brehm* and *Lara* plaintiffs claim that the City violated the FLSA, and other applicable federal and state wage laws, by requiring the plaintiffs to work overtime hours without compensation. Plaintiffs allege they were told or pressured by their supervising officers not to submit an overtime slip, but rather to adjust or flex their schedules, known as "white time."

17    Ex. A 14-31

1   Plaintiffs allege they could not adjust off all of the hours of uncompensated overtime they had

2   accumulated within the same deployment period in which the hours were worked, and in some

3   circumstances were never able to use those "white time" hours.  On some of the occasions that

4   plaintiffs did in fact adjust their schedules, plaintiffs allege that the hours were taken off at the

5   rate of only one hour off for each hour (hour for hour or "straight time") of overtime worked,

6   instead of at the time and a half premium rate.

7          Plaintiffs asserted three additional specific claims as to the City's alleged violations of 29

8   U.S.C. § 207(k) and 29 U.S.C. § 207(o), in regards to the City's denials of the plaintiffs' requests

9   to be paid overtime compensation and the widespread implementation of an alleged unofficial

10  compensatory time off system.  The first claim asserts that the City required plaintiffs to start

11  working before their regularly scheduled start of watch in order to prepare for roll call without

12  compensation. The second claim asserts that the City required plaintiffs to work through their

13  scheduled meal period without compensation.  The third claim asserts that the City required

14  plaintiffs to work past their regularly scheduled end of watch without compensation.  The City

15  denies these claims.  Plaintiffs allege the City willfully violated 29 U.S.C. § 206, the minimum

16  wage provision of the FLSA, by failing to pay for all overtime hours worked, and the City failed

17  to keep or maintain any records of each of the plaintiffs' actual number of hours worked, in

18  violation of 29 U.S.C. § 211(c).  The parties dispute whether any hours were being worked

19  without compensation.

20         The parties have already expended millions of dollars in costs and attorney's fees during

21  the litigation of the *Brehm* and *Lara* actions.  Had the *Brehm* and *Lara* actions not settled, the

22  parties expected years of continued litigation at a cost of millions of additional dollars in

23  attorneys' fees.  The settlement was reached after extensive negotiations;

24         Had these actions not settled as set forth hereinafter, the parties were anticipating a trial in

25  June 2003 on the claims of each plaintiff that they were unlawfully denied the payment of

26  overtime compensation, which could have entailed hundreds of depositions and trials of each

27  claim, including individual discovery and trial of each claim by each plaintiff that

28  ///

18   Ex. 1  15-3.1

1  uncompensated hours were worked.  The parties anticipated that this aspect of the litigation alone

2  would have consumed years of litigation at immense cost to both sides;

3      Additionally, the parties anticipated litigating whether plaintiffs were entitled to

4  compensation for "gap time," whether the City could offset certain payments to plaintiffs against

5  any FLSA or state law overtime liability, whether an average of plaintiffs' estimated range of

6  hours worked could be used to determine damages, and whether the City acted in good faith or

7  willfully violated the FLSA or any other applicable federal or state laws.  The parties also took

8  into account the unpredictability of recovery, which for the failure to pay overtime for time

9  worked could have been as great as full liquidated damages or as little as nothing, depending on

10  whether the City was able to establish that it acted in good faith pursuant to 29 U.S.C. § 260.

11  The parties fully expected that whatever the outcome in the District Court, there was a high

12  probability of appeal by both sides on numerous issues.  After numerous hours of negotiations

13  and evaluation of the merits and potential damages, the parties view this settlement as a

14  compromise of the risks attendant to both sides in continuing the litigation.  The City admits no

15  liability but settles the matter solely due to the costs of litigating these actions;

16      The parties hereby enter into the following Settlement Agreement:

17  **1.      PARTIES:**

18      This Settlement Agreement ("Agreement") is made by and between the named plaintiffs

19  in *Edward Brehm v. City of Los Angeles,* C.D. Cal. No. CV-02-4979-JFW (JWJx) (formerly

20  SACV 00-748-GLT (MLGx)), and all persons who have filed a consent to join the *Brehm* action

21  (hereinafter "*Brehm* plaintiffs"), and Stella Lara and all persons who have filed a consent to join

22  the *Stella Lara  v. City of Los Angeles,* No. 02-2185-GHK (RCx) action (hereinafter "*Lara*

23  plaintiffs"), collectively referred to as "plaintiffs", and the City of Los Angeles (hereinafter

24  "City"), a municipal corporation.  Although the *Brehm* and *Lara* actions have not yet been

25  consolidated by the Court, the parties agree that the cases are related and should be deemed

26  consolidated.

27  ///

28  ///

brehm settlement.wpd

10-24-02 Settlement Agreement

19    Ex. A 16-31

2.       **DEFINITIONS:**

    **2.1**    **LAPD:**

As used in this Agreement, "LAPD" refers to the Los Angeles Police Department.

    **2.2**    **SWORN EMPLOYEE:**

As used in this Agreement, "sworn employee" refers to a sworn employee of the LAPD holding the rank of lieutenant or below.

    **2.3**    **FLSA:**

As used in this Agreement, "FLSA" refers to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 and the Portal to Portal Act of 1947, 29 U.S.C. §§ 251-262.

    **2.4**    **DEPLOYMENT PERIOD**

As used in this Agreement, "Deployment Period" ("DP") refers to a sworn employee's twenty-eight (28) day work period.

    **2.5**    **OVERTIME:**

As used in this Agreement, unless otherwise indicated, "overtime" refers to both FLSA overtime and non-FLSA overtime.

    **2.6**    **FLSA OVERTIME:**

As used in this Agreement, "FLSA overtime" refers to hours actually worked by a sworn employee of the LAPD during a twenty-eight (28) day work period (deployment period) which exceed one hundred seventy-one (171) hours.

    **2.7**    **NON-FLSA OVERTIME:**

As used in this Agreement, "non-FLSA overtime" refers to the compensation of a sworn employee with overtime pursuant to the Memorandum of Understanding for the Police Officers, Lieutenant and Below Representation Unit with the City for any hours worked or activities which are not FLSA overtime hours.

    **2.8**    **WHITE TIME:**

As used in this Agreement, "white time" refers to unofficial compensatory time off given to plaintiffs for working overtime hours.

///

**2.9    EXTENDED END OF WATCH:**

As used in this Agreement, "extended end of watch" time refers to time worked past a sworn employee's regularly scheduled watch (duty day).

**2.10    ROLL CALL PREPARATION:**

As used in this Agreement, "roll call preparation" refers to time worked before or prior to a sworn employee's start of watch (duty day) to prepare for roll call.

**2.11    CODE 7**

As used in this Agreement, "Code 7" refers to a sworn employee's meal period during their scheduled watch hours, which may be either a 30 minute or a 45 minute break, depending on rank and assignment.

**2.12    CLASS COUNSEL:**

As used in this Agreement, "Class Counsel" refers to Gregory G. Petersen, Esq., the attorney representing the *Brehm* and *Lara* plaintiffs.

**3.    CLASS STATUS:**

**3.1    STIPULATION OF FACT:**

The *Brehm* and *Lara* actions are representative collective/class actions under section 216(b) of the FLSA. Each plaintiff in *Brehm* or *Lara* who was not named in the complaints filed a consent to join the actions. Each of the plaintiffs herein have common questions of law and fact which predominate.

**3.2    CLASS COUNSEL:**

Gregory G. Petersen, Esq., has been designated to be Class Counsel for plaintiffs in the *Brehm* and *Lara* actions.

**4.    PURPOSE OF AGREEMENT:**

The purpose of this Agreement is to resolve and settle all outstanding claims, issues, and disputes in the *Brehm* and *Lara* actions brought by plaintiffs against the City for the City's alleged failure to compensate plaintiffs for all hours worked under the FLSA and any other applicable federal and state laws. The parties agree to a comprehensive release in, and global settlement of, the *Brehm v. City of Los Angeles* and *Lara v. City of Los Angeles* actions. The

21    Ex. A 18-51

1   plaintiffs in these actions agree to settle any and all wage claims under federal and state law,

2   including, but not limited to, FLSA wage and hour claims and known FLSA retaliation claims,

3   but excluding any workers' compensation claims.  However, nothing in this settlement will alter

4   the terms and conditions of the prior agreements in the *Michael L. Kimpel v. Willie Williams*

5   action, C.D. Cal. No. CV 93-3441-GHK(RNBx), and in the *Michael C. Huff v. Bernard Parks*,

6   C.D. Cal. No. CV 98-10245-GHK(RNBx).

7           The claims of plaintiffs which are being compromised are set forth above in the Recitals

8   of this Agreement.  The parties dispute each of the issues as set forth above in the Recitals, and

9   the City denies the plaintiffs' allegations as set forth above in the Recitals.  The parties wish to

10  finally settle and resolve all disputes and controversies regarding claims under the FLSA, and

11  other applicable federal and state wage laws, but excluding any workers' compensation claims, in

12  order to make their peace and to avoid the uncertainties of further litigation and the expense

13  incident thereto.

14      **5.      WAIVER OF CALIFORNIA *CIVIL CODE* SECTION 1542**:

15          The parties understand that this Agreement extends to all grievances, disputes, or claims

16  of every nature and kind, known or unknown, suspected or unsuspected, which are related to

17  Plaintiffs' claims in the *Brehm* and *Lara* actions for unpaid wages, as described in the Recitals of

18  this Agreement, including, but not limited to, any and all wage claims under the FLSA and under

19  state law, including known retaliation claims under the FLSA related to the *Brehm* and *Lara*

20  actions, but excluding workers' compensation claims.  The parties understand that this release

21  does not address claims relating to any conduct or activity which occurs after the date of the

22  Court's entry of judgment which, pursuant to paragraph 8.2, the parties expect will occur on

23  December 16, 2002.  The parties further acknowledge that any and all rights granted them under

24  section 1542 of the California *Civil Code*, which are related to Plaintiffs' claims for unpaid

25  wages, are hereby expressly waived.  This section 1542 waiver does not include retaliation

26  claims.  Section 1542 of the California *Civil Code* reads as follows:

27      **SECTION 1542.  CERTAIN CLAIMS AFFECTED BY GENERAL**

28      **RELEASE.  A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS**

22    Ex. A 19-31

1    WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST

2    IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE,

3    WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED

4    HIS SETTLEMENT WITH THE DEBTOR.

5        5.1    RELEASE:

6        Plaintiffs, and all of their respective attorneys, agents, and assignees, do hereby fully and

7    forever release and discharge each other, the City and its past or present governing bodies,

8    boards, officers, directors, attorneys, and agents, from any and all causes of action, actions,

9    judgments, liens, indebtedness, damages, losses, claims, liabilities, grievances, and demands

10   which are related to plaintiffs' claims in the *Brehm* and *Lara* actions regarding the City's alleged

11   violations of any and all wage laws, including but not limited to FLSA wage and hour claims,

12   and applicable wage and hour claims under state law, including known retaliation claims under

13   the FLSA related to the *Brehm* and *Lara* actions, but excluding workers' compensation laws, as

14   described in the Recitals of this Agreement.

15       The City hereby fully and forever releases and discharges plaintiffs and all of their

16   respective attorneys, agents, and assignees from any and all causes of action, actions, judgments,

17   liens, indebtedness, damages, losses, claims, liabilities, grievances, and demands arising from

18   plaintiffs' claims in the *Brehm* and *Lara* actions regarding the City's alleged violations of any

19   and all wage laws, including but not limited to FLSA wage and hour claims, and applicable wage

20   and hour claims under state law, including known retaliation claims under the FLSA related to

21   the *Brehm* and *Lara* actions, but excluding workers' compensation laws, as described in the

22   Recitals of this Agreement.

23   6.    PAYMENT AND PAYMENT SCHEDULES

24       6.1    *BREHM* AND *LARA* PLAINTIFFS

25       The total sum to be paid by the City pursuant to this Agreement is six million seven

26   hundred twenty thousand dollars ($6,720,000) payable as set forth in the Confidential

27   Disbursement Order ("Attachment A") of the Agreement.

28   ///

23    Ex. A 20-31

1    Each of the following must occur prior to the City paying any funds pursuant to this

2  Agreement:

3                  a)     Notice of this settlement is provided to all *Brehm* and *Lara*

4                         plaintiffs by November 7, 2002;

5                  b)     Plaintiffs are provided an opportunity to object to the proposed

6                         settlement by November 25, 2002;

7                  c)     A hearing is held on December 9, 2002 at 1:30 p.m. regarding any

8                         of the plaintiffs' objections to the proposed settlement, if any;

9                  d)     The Court approves of the terms of this Agreement on

10                       December 10, 2002;

11                  e)     Plaintiffs are permitted to opt-out of this settlement by dismissing

12                       their claims without prejudice by December 13, 2002; and

13                 f)     The Court enters a stipulated judgment on December 18, 2002.

14    The six million seven hundred twenty thousand dollars ($6,720,000) shall be divided in

15  accordance with the Confidential Disbursement Order filed with the Court under seal. The

16  Confidential Disbursement Order will identify each plaintiff's liquidated damages, back wages

17  portion of the damages, and the attorneys' fees to be paid to Class Counsel and shall remain

18  confidential as it reveals personal information pertaining to sworn law enforcement officers. The

19  gross amount to be received by each of the *Brehm* and *Lara* plaintiffs (before withholding of

20  taxes, where legally required) for both the liquidated damages and back wages (before Class

21  Counsel withholding of fees and costs of suit) is set forth in the Confidential Disbursement Order

22  of this Agreement.

23    By December 23, 2002, the City shall forward to Class Counsel a warrant for plaintiffs'

24  liquidated damages claims as set forth in the Confidential Disbursement Order, less appropriate

25  attorney's fees and costs of suit to be determined in accordance with plaintiffs' retainer

26  agreement with Class Counsel. This sum is to be deposited by Class Counsel in a trust account

27  for the *Brehm* and *Lara* plaintiffs and disbursed by Class Counsel to each of the *Brehm* and *Lara*

28  plaintiffs as set forth in the Confidential Disbursement Order.

1        Within seven (7) calendar days after all of the above have occurred, *i.e.*, by December 30,

2    2002, the City shall pay plaintiffs the gross amount of back overtime wages owed, less legally

3    required withholdings.  Specifically, the City shall provide each individual plaintiff a warrant

4    (and a receipt to Class Counsel) representing the gross back overtime wages amount as set forth

5    in the Confidential Disbursement Order for each individual plaintiff, less legally required

6    withheld taxes and less appropriate fees and costs of suits to be determined solely between each

7    plaintiff and Class Counsel and as set forth in the Confidential Disbursement Order.

8        Each check transmitted to a plaintiff shall include the following notice:

9        "On November 7, 2002, The Petersen Law Firm transmitted a Notice to you

10       regarding the proposed settlement of the *Brehm v. City of Los Angeles* and *Lara v.*

11       *City of Los Angeles* lawsuits.  Pursuant to such Notice, you were given until

12       November 25, 2002 to file objections to the settlement with the Court.  The Court

13       conducted a hearing regarding the settlement on December 9, 2002 and thereafter

14       approved the settlement as a fair, reasonable and adequate resolution of plaintiffs'

15       claims.  Pursuant to the Notice and the terms of the Settlement Agreement, you

16       became bound by the terms of the settlement when you did not opt-out of the

17       settlement by the December 13, 2002 deadline.  A stipulated judgment was

18       entered by the Court on December 18, 2002.  The enclosed check concludes this

19       case and all matters related thereto."

20       On January 2, 2003, a warrant shall be sent by the City to Class Counsel that is made

21   payable to Class Counsel for partial attorneys' fees and costs in litigating the *Brehm* and *Lara*

22   actions as set forth in the Confidential Disbursement Order. Finally, no later than January 6,

23   2003, the City shall forward to Class Counsel a final warrant.  The final warrant to be sent to

24   Class Counsel shall be made payable to Class Counsel by the City for the remaining attorneys'

25   fees and costs in litigating the *Brehm* and *Lara* actions as set forth in the Confidential

26   Disbursement Order.

27   ///

28   ///

25        Ex. A 22-3

1    **6.2    DISMISSAL OF *BREHM* AND *LARA* ACTIONS:**

2        Within fourteen (14) calendar days after payment by the City of the sums required under

3    the Confidential Disbursement Order of this Agreement, Class Counsel shall file with the District

4    Court all documents necessary to effectuate a dismissal, with prejudice, of the *Brehm* and *Lara*

5    actions, except for the three plaintiffs identified in Section 6.3 of this Agreement.

6        **6.3    STAY FOR PLAINTIFFS CURRENTLY IN MILITARY SERVICE**

7        Plaintiffs Mell Hogg, Jericho Velasquez, and James Zourek are currently in military

8    service on active duty.  The parties acknowledge that their claims are not dismissed or otherwise

9    compromised by this Agreement pursuant to the Soldiers and Sailors Civil Relief Act, 50 U.S.C.

10   Appx., § 521.  Their claims shall be stayed until their return from military service.  Upon the

11   expiration of their active military service, the above-mentioned plaintiffs shall have the right to

12   litigate this action, including the right to settle their claims, to serve and be served with discovery

13   and motions, and to try their claims.  The parties agree that the amount paid pursuant to this

14   Agreement has been reduced by $30,000 from $6,750,000 to $6,720,000 since those three

15   plaintiffs are not a party to the Agreement and will not dismiss their claims at this time.

16   **7.    AGREEMENT REGARDING PAYMENT OF OVERTIME:**

17       **7.1    CITY'S EFFORTS**

18       The City's good faith efforts include having conducted the "white time" audit in June

19   2000, requiring a provision regarding the prohibition of "white time" in the Memorandum of

20   Understanding ("MOU") for the Police Officers, Lieutenant and Below Representation Unit,

21   No. 24, 2001-2003, as reflected in Article 4.1.C of the MOU, and issuing the Notice from the

22   LAPD Chief of Police entitled "Prohibition against Working Unauthorized Overtime to Prepare

23   for Roll Call" on August 27, 2001. The reason the City has undertaken these remedial measures

24   is because it believes these efforts are sufficient to establish a good faith corrective action

25   affirmative defense as set forth in 29 U.S.C. § 260.

26       **7.2    AGREEMENTS REGARDING UNCOMPENSATED TIME**

27       Plaintiffs agree not to work any uncompensated time and the City agrees that it will

28   maintain a policy prohibiting supervisors from allowing Plaintiffs to work uncompensated time.

26    Ex. A 23-31

1    Both parties in these lawsuits agree that it is against the law to work uncompensated time.

2    **8.    SETTLEMENT PROCEDURE:**

3    Upon preliminary approval of this Agreement by the City Council, Class Counsel shall

4    commence notification to the *Brehm* and *Lara* plaintiffs this Agreement by November 7, 2002, in

5    a manner reasonably calculated to give actual notice to all applicable plaintiffs of *Brehm* and

6    *Lara.* The Notice shall contain this Settlement Agreement, a letter from Class Counsel and

7    shall, at a minimum, advise in plain language:

8            a)    A plaintiff must file any written objections to the Proposed Settlement

9                with the Court no later than November 25, 2002, and serve copies of such

10               objections upon counsel for the plaintiffs and the City;

11           b)    The Court shall conduct a hearing to consider the objections of any

12               plaintiff to the Proposed Settlement on December 9, 2002 at 1:30 p.m. in

13               Courtroom 16 of the United States District Court in Los Angeles;

14           c)    The Court shall determine whether the Proposed Settlement is fair,

15               reasonable, and adequate after hearing any objections to the Proposed

16               Settlement;

17           d)    If the Court determines the Proposed Settlement is fair, reasonable, and

18               adequate the Court shall enter a Stipulated Judgment in accordance with

19               the terms of this Agreement;

20           e)    The lack of a response from any particular plaintiff during the period for

21               written objections shall be deemed as an acceptance of the terms of the

22               Settlement Agreement;

23           f)    The amount of liquidated damages which the plaintiff will receive

24               pursuant to this Settlement Agreement, if the Agreement is approved by

25               the Court;

26           g)    The damages amount of back wages which the plaintiff will receive

27               pursuant to this Settlement Agreement, if the Agreement is approved by

28               the Court;

1        h)       The procedure for a plaintiff who chooses not to participate in the

2                   Settlement to dismiss his or her claims without prejudice; and

3        i)       Instructions regarding the method of acceptance of the Settlement

4                   Agreement.

5        Class Counsel and counsel for the City shall make best efforts to effectuate and

6    implement the Settlement Agreement by notifying plaintiffs of *Brehm* and *Lara* of the terms of

7    the Settlement Agreement and the events which will occur as the parties perform their

8    obligations under the Agreement through departmental mail and/or U.S. mail.

9        **8.1    HEARING ON PROPOSED SETTLEMENT**:

10       The Court shall conduct a hearing to determine if the Proposed Settlement is fair,

11   reasonable, and adequate on December 9, 2002, at 1:30 p.m. Any objections by any person to

12   the Proposed Settlement must be filed with the Court and served on Class Counsel and counsel

13   for the City no later than November 25, 2002. Class Counsel or counsel for the City may file a

14   written response to the objections with the Court no later than December 3, 2002. If the Court

15   determines that the Proposed Settlement is fair, reasonable, and adequate, the Court shall issue an

16   order to that effect.

17       **8.2    DISMISSAL OF CLAIMS BY PLAINTIFFS:**

18       Any plaintiff who decides not to participate in the Settlement Agreement must file with

19   the Court and serve on all counsel a dismissal of his or her claims without prejudice no later than

20   December 13, 2002. The Court, if it issues an order that the Settlement is fair, reasonable, and

21   adequate, shall enter a Stipulated Judgment in accordance with the terms of this Agreement on

22   December 18, 2002, except as noted below. Either party shall have until December 16, 2002 to

23   apply to the Court for permission to rescind its approval of the Agreement due to objections

24   and/or dismissals by the plaintiffs. If such an application is made, the Court shall not enter a

25   Stipulated Judgment until it rules on the application.

26   ///

27   ///

28   ///

28   Ex A. 25-31

1    **8.2.1   REDUCTION OF SETTLEMENT AMOUNTS FOR**

2    **PLAINTIFFS WHO DISMISS THEIR CLAIMS:**

3        The total settlement amounts set forth in the Confidential Disbursement Order of this

4    Agreement shall be reduced in accordance with the amounts set forth in the Confidential

5    Disbursement Order for each Plaintiff who affirmatively elects not to be bound by the Settlement

6    and dismisses their claims without prejudice according to the procedure set forth in paragraphs

7    8(h) & 8.2.  Specifically, the total amounts set forth in the Confidential Disbursement Order will

8    be reduced by the amount set forth in the Confidential Disbursement Order for each *Brehm* or

9    *Lara* plaintiff who dismisses his or her claims without prejudice.  The Court shall enter an order

10   returning to the City the sum of money awarded to each person who elects not to be bound by the

11   Settlement Agreement awarded by the Confidential Disbursement Order.

12       **9.    ANTI-RETALIATION:**

13       The FLSA prohibits retaliation by the City against plaintiffs, as set forth more fully at 29

14   U.S.C. § 215(a)(3).  No retaliatory action shall be taken against any plaintiff by the City for his

15   or her participation in the litigation and/or settlement in the *Brehm* or *Lara* actions.

16       **10.   DISCLOSURES AND REPRESENTATIONS:**

17       **10.1   CONSULTATION WITH COUNSEL:**

18       Plaintiffs have been informed of the opinion of Class Counsel, and have had sufficient

19   time to consult with independent counsel with respect to the advisability of accepting the terms

20   of this Agreement, and with respect to the releases, waivers, and all matters contained herein.

21   Plaintiffs, in accepting the settlement, agree to the terms herein and hold harmless all attorneys,

22   agents, servants or others acting relevant thereto.  The City has had sufficient time to consult

23   with counsel with respect to the advisability of executing this Agreement, and with respect to the

24   releases, waivers, and all matters contained herein.  The City and plaintiffs acknowledge that

25   they have executed this Agreement without fraud, duress, or undue influence.

26       **10.2   NO RELIANCE ON PRIOR REPRESENTATIONS:**

27       Statements made in the past have been modified by changing circumstances.  Plaintiffs

28   and the City acknowledge that the circumstances in this settlement are unique.  Plaintiffs, and

29   EX A 26-31

1  any other officer, agent, employee, representative, or attorney, have not made any statements,

2  representations, or promises to the City regarding any facts which may be relied upon in

3  executing this Agreement, except as expressly stated in this Agreement.  Neither the City, nor

4  any other officer, agent, employee, representative, or attorney, has made any statement,

5  representation, or promise to the plaintiffs regarding any facts which may be relied upon in

6  executing this Agreement, except as expressly stated in this Agreement.

7     **10.3    VOLUNTARY AND KNOWING WAIVER OF RIGHT:**

8         Each party acknowledges that he, she or it has carefully read this Agreement and has been

9  advised fully by legal counsel of the legal and binding effect of its terms.  Each party

10  acknowledges that the only promises made to induce him, her, or it to sign this Agreement are

11  those stated herein.  Having been fully advised and informed, each party voluntarily enters into

12  this Agreement and the waiver of rights covered by this Agreement.  Each plaintiff realizes that

13  he or she has a right under the FLSA or any other federal or state laws to minimum wages and

14  unpaid overtime as set forth in the FLSA or any other federal or state laws.  Each party agrees

15  that he or she is entering into this Settlement Agreement because of uncertainty over the outcome

16  of the litigation and the potential for plaintiffs to receive anywhere from no damages to full

17  liquidated damages and attorneys' fees should these actions proceed to a final judgment and is

18  therefore not waiving any entitlement to overtime that he or she possessed under the FLSA or

19  any other federal or state laws.

20         Each party understands, acknowledges, and agrees that this is a compromise settlement of

21  disputed claims, and that nothing herein shall be deemed or construed at any time or for any

22  purpose as an admission of the merits of any claim or defense.

23     **10.4    ASSIGNMENT OF RIGHTS BY PLAINTIFFS:**

24         Except for such assignations, transfers, or grants which may have occurred upon

25  operation of law, the parties have not heretofore assigned, transferred, or granted, or purported to

26  assign, transfer, or grant, any of the claims, demands, causes of action, obligations, liens,

27  judgments, orders, damages, liabilities, losses, costs and expenses of any kind, in law or in

28  equity, whether known or unknown, that parties now hold, will ever hold, or have ever held

30    Ex A 27-31

1 against the other related to this case, including, but not limited to: 1) any and all claims,

2 demands, or causes of action reflected in the lawsuit; 2) any and all claims, demands, or causes

3 of action arising out of or in any way connected with any transactions, occurrences, acts or

4 omissions set forth or alleged in the lawsuit; or 3) any and all claims, demands, or causes of

5 action arising out of or in any way connected with any transactions, occurrences, acts or

6 omissions occurring prior to the entry of a Stipulated Judgment by the Court.

7      **11.**    **REIMBURSEMENTS:**

8      The parties further agree that the amounts to be paid by the City to Class Counsel

9 pursuant to the Confidential Disbursement Order of this Agreement constitutes full compensation

10 of the attorneys' fees and costs to which the *Brehm* and *Lara* plaintiffs are entitled by law from

11 the City. Any additional fees and/or costs associated with the prosecuting of the *Brehm* and *Lara*

12 actions shall be borne solely by the *Brehm* and *Lara* plaintiffs and/or Class Counsel.

13      **12.**    **JURISDICTION:**

14      This Agreement, upon execution by the parties and entry of a Stipulated Judgment by the

15 Court, shall have the effect of a binding judgment. In the event of breach of this Agreement by

16 any of the parties, the Court shall have the authority to enforce any and all of the terms and

17 conditions contained herein for a five (5) year period commencing with the Court's approval of

18 the terms of this Agreement. If any action is instituted to enforce this Agreement, the Court shall

19 have jurisdiction to award attorneys' fees and costs to the prevailing party.

20      **13.**    **ENTIRE AGREEMENT IS INTEGRATED:**

21      The parties agree that the obligations contained in this Agreement are the sole and only

22 consideration for it, and that no representations or inducements have been made by any party, or

23 such party's employees, agents, or attorneys, except as specifically set forth in this Agreement.

24 There is no other Agreement, written or oral, express or implied, between the parties with respect

25 to the subject matter of this Agreement except as explicitly referred to herein. This Agreement

26 supersedes any previous oral or written agreements or understandings between the parties

27 regarding any matter contained in the Agreement. This Agreement cannot be amended,

28 ///

1 modified, or supplemented in any respect except by a written agreement executed by the parties

2 identified in section 20 of this Agreement.

3     **14.**   **SUCCESSORS**:

4       This Agreement shall be binding upon plaintiffs and their heirs, representatives,

5 executors, administrators, successors and assigns, and shall inure to the benefit of each and all of

6 the heirs, representatives, executors, administrators, successors, and assigns.

7     **15.**   **JOINT DRAFTING OF AGREEMENT**:

8       The *Brehm* and *Lara* plaintiffs, through their Class Counsel, and the City, through its

9 attorneys, have participated in the drafting of this Agreement. The attorneys for all parties by

10 their signature on this Agreement approve it as to form, and accordingly, the normal rule of

11 construction to the effect that any ambiguities are to be resolved against the drafting parties will

12 not be employed in any interpretation of this Agreement.

13     **16.**   **STIPULATED JUDGMENT**:

14       Upon execution by the parties in the manner set forth above and the Court's

15 determination that the Proposed Settlement is fair, adequate, and reasonable, this Agreement

16 shall be submitted to the Court for entry of a stipulated judgment.

17     **17.**   **WITHHOLDING OF TAXES FROM SETTLEMENT AMOUNTS**:

18       The parties agree and the Court so determines that the lump sum cash payments set forth

19 in Confidential Disbursement Order (Attachment A) to the Agreement that are designated as

20 back wages are wages subject to full withholding of federal and state income and other payroll

21 withholding taxes.

22       The parties agree and the Court so determines that the cash payments set forth in the

23 Confidential Disbursement Order (Attachment A) to this Agreement that are designated as

24 liquidated damages and/or attorneys' fees and costs, are not wages. Since these amounts are not

25 wages, the parties believe that such amounts are not subject to federal and state income or other

26 payroll tax withholding requirements, although they may be taxable as gross income.

27       Plaintiffs are encouraged to consult with a tax advisor or attorney to determine

28 independently any federal, state, or local tax consequences of the settlement amounts, and no

1   opinion on any tax matter is expressed herein.  Plaintiffs are solely responsible for reporting

2   amounts received as liquidated damages pursuant to this Agreement to any applicable federal,

3   state or local agency as required by law.

4        ⎯    The withholding of taxes with respect to the disbursement of funds classified as wages

5   under the Confidential Disbursement Order will be made in accordance with the W-4 form each

6   plaintiff has on file with the City.  No taxes will be withheld from the disbursement of funds

7   classified as liquidated damages under the Confidential Disbursement Order.  The parties agree

8   that the City may report funds paid as liquidated damages on IRS Form 1099 as compensation

9   paid to each plaintiff and shall not withhold from or remit payment to the Internal Revenue

10  Service on account of such payment.  Plaintiffs will be responsible for any and all taxes

11  associated with this lump-sum payment for liquidated damages as designated in the Confidential

12  Disbursement Order.

13       **18.    FORCE MAJEURE:**

14       If any act of God, riot, natural disaster, war, armed conflict, or other event of a similar

15  nature occurs which substantially impairs the ability of a party to perform the terms of this

16  Agreement, then either party may terminate the Agreement upon application and approval by the

17  Court.

18       **19.    SEVERABILITY:**

19       This Agreement shall be considered severable, such that if any provision or part of the

20  Agreement is ever held invalid under any law or ruling, that provision or part of the Agreement

21  shall remain in force and effect to the extent allowed by law, and all other provisions or parts

22  shall remain in full force and effect.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

33    EX. A 30-31

20. **EXECUTION OF THIS AGREEMENT**:

    20.1  **EXECUTION BY THE CITY**:

The Charter for the City provides that only the City Council has authority to enter into this Agreement. Therefore, this Agreement may only be approved by the City by an action of the City Council.

    20.2  **EXECUTION BY THE PLAINTIFFS**:

This Agreement will be executed on behalf of plaintiffs by Class Counsel.

THE PETERSEN LAW FIRM

DATED: 12/19 , 2002

GREGORY G. PETERSEN, ESQ., Class Counsel in *Brehm v. City of Los Angeles* and *Lara v. City of Los Angeles*

CITY OF LOS ANGELES

DATED: 1/9 , 2003

By: _____
GARY G. GEUSS
Assistant City Attorney

**APPROVED AS TO FORM:**

LIEBERT CASSIDY WHITMORE

DATED: 12/26 , 2002

By: _____
PETER J. BROWN
Attorneys for Defendant, City of Los Angeles

84  Ex. A 31-31

# SETTLEMENT AGREEMENT AND RELEASE

## RECITALS

Beginning in 2000, a number of present and former police officers in the Los Angeles Police Department ("LAPD") individually retained The Petersen Law Firm to bring a lawsuit against their employer, the City of Los Angeles ("City"), a municipal corporation. Plaintiffs sought relief for an alleged violation of the federal Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 et seq., in regard to the payment of overtime, in an action entitled *Edward Brehm v. City of Los Angeles*, U.S. District Court, C.D. Cal. No. CV-02-4979-JFW (JWJx) (formerly SACV 00-748-GLT (MLGx)) ("the Brehm litigation" or "the Brehm action").

In 2002, present and/or former police officers in the LAPD individually retained The Petersen Law Firm to file an action against the City, entitled *Stella Lara v. City of Los Angeles*, U.S. District Court, C.D. Cal. No. 02-2185-GHK (RCx) ("the Lara litigation" or "the Lara action"), alleging that the City violated the provisions of the FLSA in regard to the payment of overtime.

The parties agreed on a settlement on or about January 9, 2003 on behalf of all Brehm and Lara plaintiffs, with the exception of plaintiffs Mell Hogg ("Hogg"), Jericho Velasquez ("Velasquez") and James Zourek ("Zourek"). Hogg, Velasquez and Zourek were not parties to the January 9, 2003 Settlement Agreement because they each were serving abroad in the United States military, and their claims could not be settled pursuant to the Soldiers and Sailors Civil Relief Act, 50 U.S.C. Appx., § 521. Hogg, Velasquez and Zourek have now returned from military leave, and the parties hereby enter into the following Settlement Agreement to resolve their claims in the manner set forth below:

35    Ex. B 1-36

1.    **PARTIES**

This Settlement Agreement ("Agreement") is made by and between Velasquez, a named

plaintiff in the Brehm action and/or the Lara action, and the City, a municipal corporation.

2.    **DISPOSITION OF CLAIMS**

The parties, with the exception of Hogg, Velasquez and Zourek, due to their military

leave, previously agreed to a comprehensive release in, and global settlement of, the Brehm and

Lara actions. A true and correct copy of the January 9, 2003 Settlement Agreement is attached

hereto as Exhibit "1," and the terms of said Settlement Agreement are incorporated herein by

reference. The January 9, 2003 Settlement Agreement will hereinafter be referred to as "Exhibit

1" in this Agreement.

The purpose of this Agreement is to resolve and settle all outstanding claims, issues, and

disputes in the Brehm and/or Lara actions brought by Velasquez against the City for the City's

alleged failure to compensate Velasquez under the FLSA and any other applicable federal and

state laws. In consideration of the City's payment of $48,428.66 ($24,206.26 for back pay,

$8,084.89 for liquidated damages and $16,137.51 for attorneys' fees) to Castle, Petersen &

Krause, LLP on behalf of Velasquez, Velasquez agrees to settle and release all the claims

described more fully in Exhibit 1 to this Agreement. Velasquez specifically agrees to waive any

and all wage claims under federal and state law existing at the time Exhibit 1 was executed,

including but not limited to, FLSA wage and hour claims and known FLSA retaliation claims,

but excluding any workers' compensation claims. As set forth in Exhibit 1, nothing in this

settlement will alter the terms and conditions of the prior agreements in the actions styled

*Michael L. Kimpel v. Willie Williams* action, C.D. Cal. No. CV 93-3441-GHK(RNBx) and

*Michael C. Huff v. Bernard Parks*, C.D. Cal. No. CV 98-10245-GHK(RNBx).

2

86    Ex B 2-30



## 3.    WAIVER OF CALIFORNIA CIVIL CODE SECTION 1542

The parties understand that this Agreement extends to all grievances, disputes, or claims

of every nature and kind, known or unknown, suspected or unsuspected, which are related to the

claims of Velasquez in the Brehm and Lara actions for unpaid wages, as described in the Recitals

of Exhibit 1, including, but not limited to, any and all wage claims under the FLSA and under

state law, including known retaliation claims under the FLSA related to the Brehm and Lara

actions, but excluding workers' compensation claims.  The parties understand that this release

does not address claims relating to any conduct or activity which occurs after the date of the

execution of Exhibit 1, *i.e.,* January 9, 2003.  The parties further acknowledge that any and all

rights granted them under section 1542 of the California Civil Code, which are related to the

claims of Velasquez for unpaid wages, are hereby expressly waived.  This section 1542 waiver

does not include retaliation claims.  Section 1542 of the California Civil Code reads as follows:

> SECTION 1542.  CERTAIN CLAIMS AFFECTED BY
>
> GENERAL RELEASE.
>
> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
>
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
>
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
>
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
>
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
>
> HER SETTLEMENT WITH THE DEBTOR.

## 4.    RELEASE

Plaintiff Velasquez and all of his respective attorneys, agents, and assignees, do hereby

fully and forever release and discharge each other, the City and its past or present governing

bodies, boards, officers, directors, attorneys, and agents, from any and all causes of action,

actions, judgments, liens, indebtedness, damages, losses, claims, liabilities, grievances, and

demands which are related to his claims in the Brehm and Lara actions regarding the City's

alleged violations of any and all wage laws, including but not limited to FLSA wage and hour

claims, and applicable wage and hour claims under state law, including known retaliation claims

under the FLSA related to the Brehm and Lara actions, but excluding workers' compensation

claims, if any, as described more fully in the Recitals of Exhibit 1.

The City hereby fully and forever releases and discharges Velasquez and all of his

respective attorneys, agents, and assignees from any and all causes of action, actions, judgments,

liens, indebtedness, damages, losses, claims, liabilities, grievances, and demands arising from

plaintiffs' claims in the Brehm and Lara actions regarding the City's alleged violations of any

and all wage laws, including but not limited to FLSA wage and hour claims, and applicable wage

and hour claims under state law, including known retaliation claims under the FLSA related to

the Brehm and Lara actions, but excluding workers' compensation claims, if any, as described in

the Recitals of Exhibit 1.

## 5.    PAYMENT OF SETTLEMENT AMOUNTS AND DISMISSAL OF BREHM AND LARA ACTIONS

Within thirty (30) days after the execution of this Agreement by the parties and approval

as to form and content by their counsel, the City shall deliver checks and/or warrants to

Velasquez' attorneys of record, Castle, Petersen & Krause, LLP, in the following amounts:

a.    The sum of $24,206.26 for back pay (minus applicable withholdings as

specified in section 12 of this Agreement) and $8,084.89 for liquidated damages, made payable

by separate checks and/or warrants to "Jericho Velasquez."

4

**b.**   The sum of $16,137.51 to Velasquez' attorneys of record, made payable by check and/or warrant to "Castle, Petersen & Krause, LLP."

Within fourteen (14) calendar days after the City delivers checks and/or warrants to Velasquez' counsel of record in the amounts specified herein, Velasquez' counsel of record shall file with the District Court all documents necessary to effectuate a stipulated judgment concerning Velasquez' claims in the Brehm and Lara actions.

## 6.   DISCLOSURES AND REPRESENTATIONS

### a.   CONSULTATION WITH COUNSEL

Plaintiff Velasquez has been informed of the opinion of his counsel, Gregory G. Petersen of Castle, Petersen & Krause, LLP, with respect to the advisability of accepting the terms of this Agreement, and with respect to the releases, waivers, and all matters contained herein. Velasquez, in accepting the settlement, agrees to the terms herein and holds harmless all attorneys, agents, servants or others acting relevant thereto. The City has had sufficient time to consult with counsel with respect to the advisability of executing this Agreement, and with respect to the releases, waivers, and all matters contained herein. The City and Velasquez acknowledge that they have executed this Agreement without fraud, duress, or undue influence.

### b.   NO RELIANCE ON PRIOR REPRESENTATIONS

Statements made in the past have been modified by changing circumstances. Plaintiff Velasquez and the City acknowledge that the circumstances in this settlement are unique. Velasquez and any other officer, agent, employee, representative, or attorney, have not made any statements, representations, or promises to the City regarding any facts which may be relied upon in executing this Agreement, except as expressly stated in this Agreement. Neither the City, nor any other officer, agent, employee, representative, nor attorney, has made any statement,

39   Ex. B 5-30

representation, or promise to Velasquez regarding any facts which may be relied upon in
executing this Agreement, except as expressly stated in this Agreement.

### c.    VOLUNTARY AND KNOWING WAIVER OF RIGHT

Each party acknowledges that he or it has carefully read this Agreement and has been
advised fully by legal counsel of the legal and binding effect of its terms.  Each party
acknowledges that the only promises made to induce him or it to sign this Agreement are those
stated herein.  Having been fully advised and informed, each party voluntarily enters into this
Agreement and the waiver of rights covered by this Agreement.  Velasquez realizes that he has a
right under the FLSA or any other federal or state laws to minimum wages and unpaid overtime
as set forth in the FLSA or any other federal or state laws.  Each party agrees that he or it is
entering into this Settlement Agreement because of uncertainty over the outcome of the litigation
and the potential for Velasquez to receive anywhere from no damages to full liquidated damages
and attorneys' fees should the Brehm and/or Lara actions proceed to a final judgment and is
therefore not waiving any entitlement to overtime that he/it possessed under the FLSA or any
other federal or state laws.

Each party understands, acknowledges, and agrees that this is a compromise settlement of
disputed claims, and that nothing herein shall be deemed or construed at any time or for any
purpose as an admission of the merits of any claim or defense.

### d.    ASSIGNMENT OF RIGHTS BY PLAINTIFF

Except for such assignations, transfers, or grants which may have occurred upon
operation of law, the parties have not heretofore assigned, transferred, or granted, or purported to
assign, transfer, or grant, any of the claims, demands, causes of action, obligations, liens,
judgments, orders, damages, liabilities, losses, costs and expenses of any kind, in law or in

40        Ex. B 6-30

Case 2:02-cv-04979-JFW-JWJ     Document 761     Filed 02/21/06     Page 44 of 99     Page ID #:115

equity, whether known or unknown, that parties now hold, will ever hold, or have ever held against the other related to this case, including, but not limited to:  1) any and all claims, demands, or causes of action reflected in the lawsuit; 2) any and all claims, demands, or causes of action arising out of or in any way connected with any transactions, occurrences, acts or omissions set forth or alleged in the lawsuit; or 3) any and all claims, demands, or causes of action arising out of or in any way connected with any transactions, occurrences, acts or omissions occurring prior to the execution of Exhibit 1.

### 7.     REIMBURSEMENTS AND ATTORNEYS' FEES

The parties further agree that the amounts to be paid by the City to Velasquez' counsel of record, Castle, Petersen & Krause, LLP, constitute full compensation of the attorneys' fees and costs to which plaintiffs are entitled by law from the City.  Any additional fees and/or costs associated with the prosecution of the Brehm and Lara actions shall be borne solely by the Brehm and Lara plaintiffs and/or their counsel.  However, if any action at law or in equity, including any action for declaratory relief, is brought to enforce any or all of the provisions of this Agreement, the prevailing party will be entitled to and shall be awarded reasonable attorneys' fees, which may be set by the Court in the same action or in a separate action brought for that purpose, in addition to any other relief to which that party may be entitled.

### 8.     ENTIRE AGREEMENT IS INTEGRATED

The parties agree that the obligations contained in this Agreement are the sole and only consideration for it, and that no representations or inducements have been made by any party, or such party's employees, agents, or attorneys, except as specifically set forth in this Agreement. There is no other Agreement, written or oral, express or implied, between the parties with respect to the subject matter of this Agreement except as explicitly referred to herein.  This Agreement

C:\Documents and Settings\gss\Desktop\Settlement Agreement - Velasquez.doc     41     Ex. B 7-30

supersedes any previous oral or written agreements or understandings between the parties

regarding any matter contained in the Agreement. This Agreement cannot be amended,

modified, or supplemented in any respect except by a written agreement executed by all the

parties to this Agreement.

### 9.    SUCCESSORS

This Agreement shall be binding upon Velasquez and his heirs, representatives,

executors, administrators, successors and assigns, and shall inure to the benefit of each and all of

the heirs, representatives, executors, administrators, successors, and assigns.

### 10.    JOINT DRAFTING OF AGREEMENT

Velasquez, through his attorneys, and the City, through its attorneys, have participated in

the drafting of this Agreement. The attorneys for all parties by their signature on this Agreement

approve it as to form, and accordingly, the normal rule of construction to the effect that any

ambiguities are to be resolved against the drafting parties will not be employed in any

interpretation of this Agreement.

### 11.    STIPULATED JUDGMENT

Upon execution by the parties and the Court's determination that the proposed settlement

amount is fair, adequate, and reasonable, counsel for Velasquez shall prepare the necessary

documents and submit this Agreement to the Court for entry of a stipulated judgment.

### 12.    WITHHOLDING OF TAXES FROM SETTLEMENT AMOUNTS

The parties agree that the payments described in section 5 of this Agreement are subject

to the tax treatment described below. The amount specified in subparagraph "a" shall be subject

to legally required deductions and withholdings. The amounts specified in subparagraphs "b"

and "c" shall be paid without withholdings.

42          Ex. B 8-30

a.    **Lost Income/Back Pay:**  As to the payment of $24,206.26 to Velasquez in settlement of all claims, the parties agree that this amount shall be subject to income tax and other legally required withholding, and will be reported by the City as income to Velasquez on an IRS Form W-2.

b.    **Liquidated Damages:**  As to the payment of $8,084.89 to Velasquez in settlement of all claims, the parties agree that this amount represents liquidated damages and that this amount shall not be subject to income tax or other withholdings.  The City will issue an IRS Form 1099 to Velasquez in the amount of $8,084.89.

c.    **Attorneys' Fees:**  As to the payment of $16,137.51 paid to Velasquez' counsel of record, Castle, Petersen & Krause, LLP, for attorneys' fees incurred on Velasquez' behalf, the City will issue an IRS Form 1099 to Castle, Petersen & Krause, LLP in the amount of $16,137.51.

The attorneys for the City and for Velasquez make no warranty, representation or characterization regarding the tax obligations or consequences related to this Agreement. Velasquez and/or his counsel of record are solely responsible for any and all taxes associated with the payments made to Velasquez and his counsel of record under this Agreement.

**13.    SEVERABILITY**

This Agreement shall be considered severable, such that if any provision or part of the Agreement is ever held invalid under any law or ruling, that provision or part of the Agreement shall remain in force and effect to the extent allowed by law, and all other provisions or parts shall remain in full force and effect.

JERICHO VELASQUEZ

DATED: December 23, 2005          By

C:\Documents and Settings\gss\Desktop\Settlement Agreement - Velasquez.doc

43      Ex. B 9-30

Jericho Velasquez, Plaintiff

CITY OF LOS ANGELES

DATED:  December ___, 2005

By:_____
Gary Geuss, Esq.
Chief Assistant City Attorney

**APPROVED AS TO FORM:**

CASTLE, PETERSEN & KRAUSE LLP

DATED:  December ___, 2005

By:_____
Gregory G. Petersen, Esq.
Attorneys for Plaintiff
JERICHO VELASQUEZ

LIEBERT CASSIDY WHITMORE

DATED:  December ___, 2005

By:_____
Brian P. Walter, Esq.
Attorneys for Defendant
CITY OF LOS ANGELES

10

44   Ex. B 10-30

Velasquez and/or his counsel of record are solely responsible for any and all taxes associated with the payments made to Velasquez and his counsel of record under this Agreement.

### 13.  SEVERABILITY

This Agreement shall be considered severable, such that if any provision or part of the Agreement is ever held invalid under any law or ruling, that provision or part of the Agreement shall remain in force and effect to the extent allowed by law, and all other provisions or parts shall remain in full force and effect.

JERICHO VELASQUEZ

DATED: December ___, 2005         By:_____
                                        Jericho Velasquez, Plaintiff


CITY OF LOS ANGELES

DATED: December 27, 2005          By:_____
                                        Gary Geuss, Esq.
                                        Chief Assistant City Attorney

APPROVED AS TO FORM:

CASTLE, PETERSEN & KRAUSE LLP

DATED: December ___, 2005         By:_____
                                        Gregory G. Petersen, Esq.
                                        Attorneys for Plaintiff
                                        JERICHO VELASQUEZ


LIEBERT CASSIDY WHITMORE

DATED: December ___, 2005         By:_____

10

C:\Documents and Settings\gge\Desktop\Settlement Agreement - Velasquez.doc

SCANNED

45 Ex. B 11-30

Jericho Velasquez, Plaintiff

CITY OF LOS ANGELES

DATED: December ___, 2005

By:_____
    Gary Geuss, Esq.
    Chief Assistant City Attorney

APPROVED AS TO FORM:

CASTLE, PETERSEN & KRAUSE LLP

DATED: December ___, 2005

By:_____
    Gregory G. Petersen, Esq.
    Attorneys for Plaintiff
    JERICHO VELASQUEZ

LIEBERT CASSIDY WHITMORE

DATED: January 5, 2006

By:_____
    Brian P. Walter, Esq.
    Attorneys for Defendant
    CITY OF LOS ANGELES

10

46    Ex. B 12-36

# SETTLEMENT AGREEMENT AND RELEASE

## RECITALS

Beginning in 2000, a number of present and former police officers in the Los Angeles Police Department ("LAPD") individually retained The Petersen Law Firm to bring a lawsuit against their employer, the City of Los Angeles ("City"), a municipal corporation. Plaintiffs sought relief for an alleged violation of the federal Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq.*, in regard to the payment of overtime, in an action entitled *Edward Brehm v. City of Los Angeles*, U.S. District Court, C.D. Cal. No. CV-02-4979-JFW (JWJx) (formerly SACV 00-748-GLT (MLGx)) ("the *Brehm* litigation" or "the *Brehm* action");

One provision of the FLSA, 29 U.S.C. § 216(b), allows employees to join a representative collective action under the FLSA by filing consents to join with the District Court, and approximately 573 present or former LAPD officers joined the *Brehm* litigation prior to the District Court-imposed deadline of April 1, 2001. Since the filing of the lawsuit, about 80 plaintiffs have been dismissed from the litigation, leaving four hundred ninety-three (493) plaintiffs to participate in the terms of this Settlement Agreement and Release;

In 2002, present and/or former police officers in the LAPD individually retained The Petersen Law Firm to file an action against the City, entitled *Stella Lara v. City of Los Angeles*, U.S. District Court, C.D. Cal. No. 02-2185-GHK (RCx) ("the *Lara* litigation" or "the *Lara* action"), alleging that the City violated the provisions of the FLSA in regard to the payment of overtime;

About 17 present and/or former police officers have joined the *Lara* litigation as of the stipulated opt-in cut-off deadline of August 28, 2002. The allegations in the *Brehm* and *Lara* actions are essentially the same, although not every claim is alleged by every plaintiff;

The *Brehm* and *Lara* plaintiffs claim that the City violated the FLSA, and other applicable federal and state wage laws, by requiring the plaintiffs to work overtime hours without compensation. Plaintiffs allege they were told or pressured by their supervising officers not to submit an overtime slip, but rather to adjust or flex their schedules, known as "white time."

47    Ex. B 13-30

1  Plaintiffs allege they could not adjust off all of the hours of uncompensated overtime they had

2  accumulated within the same deployment period in which the hours were worked, and in some

3  circumstances were never able to use those "white time" hours.  On some of the occasions that

4  plaintiffs did in fact adjust their schedules, plaintiffs allege that the hours were taken off at the

5  rate of only one hour off for each hour (hour for hour or "straight time") of overtime worked,

6  instead of at the time and a half premium rate.

7        Plaintiffs asserted three additional specific claims as to the City's alleged violations of 29

8  U.S.C. § 207(k) and 29 U.S.C. § 207(o), in regards to the City's denials of the plaintiffs' requests

9  to be paid overtime compensation and the widespread implementation of an alleged unofficial

10  compensatory time off system.  The first claim asserts that the City required plaintiffs to start

11  working before their regularly scheduled start of watch in order to prepare for roll call without

12  compensation. The second claim asserts that the City required plaintiffs to work through their

13  scheduled meal period without compensation.  The third claim asserts that the City required

14  plaintiffs to work past their regularly scheduled end of watch without compensation.  The City

15  denies these claims.  Plaintiffs allege the City willfully violated 29 U.S.C. § 206, the minimum

16  wage provision of the FLSA, by failing to pay for all overtime hours worked, and the City failed

17  to keep or maintain any records of each of the plaintiffs' actual number of hours worked, in

18  violation of 29 U.S.C. § 211(c).  The parties dispute whether any hours were being worked

19  without compensation.

20        The parties have already expended millions of dollars in costs and attorney's fees during

21  the litigation of the *Brehm* and *Lara* actions.  Had the *Brehm* and *Lara* actions not settled, the

22  parties expected years of continued litigation at a cost of millions of additional dollars in

23  attorneys' fees.  The settlement was reached after extensive negotiations;

24        Had these actions not settled as set forth hereinafter, the parties were anticipating a trial in

25  June 2003 on the claims of each plaintiff that they were unlawfully denied the payment of

26  overtime compensation, which could have entailed hundreds of depositions and trials of each

27  claim, including individual discovery and trial of each claim by each plaintiff that

28  ///

48  Ex. B 14-30

1  uncompensated hours were worked.  The parties anticipated that this aspect of the litigation alone

2  would have consumed years of litigation at immense cost to both sides;

3            Additionally, the parties anticipated litigating whether plaintiffs were entitled to

4  compensation for "gap time," whether the City could offset certain payments to plaintiffs against

5  any FLSA or state law overtime liability, whether an average of plaintiffs' estimated range of

6  hours worked could be used to determine damages, and whether the City acted in good faith or

7  willfully violated the FLSA or any other applicable federal or state laws.  The parties also took

8  into account the unpredictability of recovery, which for the failure to pay overtime for time

9  worked could have been as great as full liquidated damages or as little as nothing, depending on

10 whether the City was able to establish that it acted in good faith pursuant to 29 U.S.C. § 260.

11 The parties fully expected that whatever the outcome in the District Court, there was a high

12 probability of appeal by both sides on numerous issues.  After numerous hours of negotiations

13 and evaluation of the merits and potential damages, the parties view this settlement as a

14 compromise of the risks attendant to both sides in continuing the litigation.  The City admits no

15 liability but settles the matter solely due to the costs of litigating these actions;

16            The parties hereby enter into the following Settlement Agreement:

17 **1.      PARTIES:**

18            This Settlement Agreement ("Agreement") is made by and between the named plaintiffs

19 in *Edward Brehm v. City of Los Angeles,* C.D. Cal. No. CV-02-4979-JFW (JWJx) (formerly

20 SACV 00-748-GLT (MLGx)), and all persons who have filed a consent to join the *Brehm* action

21 (hereinafter "*Brehm* plaintiffs"), and Stella Lara and all persons who have filed a consent to join

22 the *Stella Lara  v. City of Los Angeles,* No. 02-2185-GHK (RCx) action (hereinafter "*Lara*

23 plaintiffs"), collectively referred to as "plaintiffs", and the City of Los Angeles (hereinafter

24 "City"), a municipal corporation.  Although the *Brehm* and *Lara* actions have not yet been

25 consolidated by the Court, the parties agree that the cases are related and should be deemed

26 consolidated.

27 ///

28 ///

49          Ex. 3 15-30

## 2.   DEFINITIONS:

### 2.1   LAPD:

As used in this Agreement, "LAPD" refers to the Los Angeles Police Department.

### 2.2   SWORN EMPLOYEE:

As used in this Agreement, "sworn employee" refers to a sworn employee of the LAPD holding the rank of lieutenant or below.

### 2.3   FLSA:

As used in this Agreement, "FLSA" refers to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 and the Portal to Portal Act of 1947, 29 U.S.C. §§ 251-262.

### 2.4   DEPLOYMENT PERIOD

As used in this Agreement, "Deployment Period" ("DP") refers to a sworn employee's twenty-eight (28) day work period.

### 2.5   OVERTIME:

As used in this Agreement, unless otherwise indicated, "overtime" refers to both FLSA overtime and non-FLSA overtime.

### 2.6   FLSA OVERTIME:

As used in this Agreement, "FLSA overtime" refers to hours actually worked by a sworn employee of the LAPD during a twenty-eight (28) day work period (deployment period) which exceed one hundred seventy-one (171) hours.

### 2.7   NON-FLSA OVERTIME:

As used in this Agreement, "non-FLSA overtime" refers to the compensation of a sworn employee with overtime pursuant to the Memorandum of Understanding for the Police Officers, Lieutenant and Below Representation Unit with the City for any hours worked or activities which are not FLSA overtime hours.

### 2.8   WHITE TIME:

As used in this Agreement, "white time" refers to unofficial compensatory time off given to plaintiffs for working overtime hours.

///

50   Ex. B 16-30

1       **2.9**    **EXTENDED END OF WATCH:**

2       As used in this Agreement, "extended end of watch" time refers to time worked past a

3 sworn employee's regularly scheduled watch (duty day).

4       **2.10**    **ROLL CALL PREPARATION:**

5       As used in this Agreement, "roll call preparation" refers to time worked before or prior to

6 a sworn employee's start of watch (duty day) to prepare for roll call.

7       **2.11**    **CODE 7**

8       As used in this Agreement, "Code 7" refers to a sworn employee's meal period during

9 their scheduled watch hours, which may be either a 30 minute or a 45 minute break, depending

10 on rank and assignment.

11       **2.12**    **CLASS COUNSEL:**

12       As used in this Agreement, "Class Counsel" refers to Gregory G. Petersen, Esq., the

13 attorney representing the *Brehm* and *Lara* plaintiffs.

14     **3.**     **CLASS STATUS:**

15       **3.1**    **STIPULATION OF FACT:**

16       The *Brehm* and *Lara* actions are representative collective/class actions under section

17 216(b) of the FLSA. Each plaintiff in *Brehm* or *Lara* who was not named in the complaints filed

18 a consent to join the actions. Each of the plaintiffs herein have common questions of law and

19 fact which predominate.

20       **3.2**    **CLASS COUNSEL:**

21       Gregory G. Petersen, Esq., has been designated to be Class Counsel for plaintiffs in the

22 *Brehm* and *Lara* actions.

23     **4.**     **PURPOSE OF AGREEMENT:**

24       The purpose of this Agreement is to resolve and settle all outstanding claims, issues, and

25 disputes in the *Brehm* and *Lara* actions brought by plaintiffs against the City for the City's

26 alleged failure to compensate plaintiffs for all hours worked under the FLSA and any other

27 applicable federal and state laws. The parties agree to a comprehensive release in, and global .

28 settlement of, the *Brehm v. City of Los Angeles* and *Lara v. City of Los Angeles* actions. The

51     Ex. B 17-30

1   plaintiffs in these actions agree to settle any and all wage claims under federal and state law,

2   including, but not limited to, FLSA wage and hour claims and known FLSA retaliation claims,

3   but excluding any workers' compensation claims.  However, nothing in this settlement will alter

4   the terms and conditions of the prior agreements in the *Michael L. Kimpel v. Willie Williams*

5   action, C.D. Cal. No. CV 93-3441-GHK(RNBx), and in the *Michael C. Huff v. Bernard Parks*,

6   C.D. Cal. No. CV 98-10245-GHK(RNBx).

7          The claims of plaintiffs which are being compromised are set forth above in the Recitals

8   of this Agreement.  The parties dispute each of the issues as set forth above in the Recitals, and

9   the City denies the plaintiffs' allegations as set forth above in the Recitals.  The parties wish to

10  finally settle and resolve all disputes and controversies regarding claims under the FLSA, and

11  other applicable federal and state wage laws, but excluding any workers' compensation claims, in

12  order to make their peace and to avoid the uncertainties of further litigation and the expense

13  incident thereto.

14         5.     **WAIVER OF CALIFORNIA *CIVIL CODE* SECTION 1542**:

15         The parties understand that this Agreement extends to all grievances, disputes, or claims

16  of every nature and kind, known or unknown, suspected or unsuspected, which are related to

17  Plaintiffs' claims in the *Brehm* and *Lara* actions for unpaid wages, as described in the Recitals of

18  this Agreement, including, but not limited to, any and all wage claims under the FLSA and under

19  state law, including known retaliation claims under the FLSA related to the *Brehm* and *Lara*

20  actions, but excluding workers' compensation claims.  The parties understand that this release

21  does not address claims relating to any conduct or activity which occurs after the date of the

22  Court's entry of judgment which, pursuant to paragraph 8.2, the parties expect will occur on

23  December 16, 2002.  The parties further acknowledge that any and all rights granted them under

24  section 1542 of the California *Civil Code*, which are related to Plaintiffs' claims for unpaid

25  wages, are hereby expressly waived.  This section 1542 waiver does not include retaliation

26  claims.  Section 1542 of the California *Civil Code* reads as follows:

27         **SECTION 1542.  CERTAIN CLAIMS AFFECTED BY GENERAL**

28         **RELEASE.  A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS**

brehm settlement.wpd                    Page 6 of 18                10-24-02 Settlement Agreement

52    Ex. B18-30

1  WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST

2  IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE,

3  WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED

4  HIS SETTLEMENT WITH THE DEBTOR.

5      **5.1    RELEASE:**

6      Plaintiffs, and all of their respective attorneys, agents, and assignees, do hereby fully and

7  forever release and discharge each other, the City and its past or present governing bodies,

8  boards, officers, directors, attorneys, and agents, from any and all causes of action, actions,

9  judgments, liens, indebtedness, damages, losses, claims, liabilities, grievances, and demands

10  which are related to plaintiffs' claims in the *Brehm* and *Lara* actions regarding the City's alleged

11  violations of any and all wage laws, including but not limited to FLSA wage and hour claims,

12  and applicable wage and hour claims under state law, including known retaliation claims under

13  the FLSA related to the *Brehm* and *Lara* actions, but excluding workers' compensation laws, as

14  described in the Recitals of this Agreement.

15      The City hereby fully and forever releases and discharges plaintiffs and all of their

16  respective attorneys, agents, and assignees from any and all causes of action, actions, judgments,

17  liens, indebtedness, damages, losses, claims, liabilities, grievances, and demands arising from

18  plaintiffs' claims in the *Brehm* and *Lara* actions regarding the City's alleged violations of any

19  and all wage laws, including but not limited to FLSA wage and hour claims, and applicable wage

20  and hour claims under state law, including known retaliation claims under the FLSA related to

21  the *Brehm* and *Lara* actions, but excluding workers' compensation laws, as described in the

22  Recitals of this Agreement.

23      **6.    PAYMENT AND PAYMENT SCHEDULES**

24          **6.1    *BREHM* AND *LARA* PLAINTIFFS**

25      The total sum to be paid by the City pursuant to this Agreement is six million seven

26  hundred twenty thousand dollars ($6,720,000) payable as set forth in the Confidential

27  Disbursement Order ("Attachment A") of the Agreement.

28  ///

brehm settlement.wpd

10-24-02 Settlement Agreement

53    Ex. B 19-30

1    Each of the following must occur prior to the City paying any funds pursuant to this

2    Agreement:

3        a)    Notice of this settlement is provided to all *Brehm* and *Lara*

4              plaintiffs by November 7, 2002;

5        b)    Plaintiffs are provided an opportunity to object to the proposed

6              settlement by November 25, 2002;

7        c)    A hearing is held on December 9, 2002 at 1:30 p.m. regarding any

8              of the plaintiffs' objections to the proposed settlement, if any;

9        d)    The Court approves of the terms of this Agreement on

10             December 10, 2002;

11       e)    Plaintiffs are permitted to opt-out of this settlement by dismissing

12             their claims without prejudice by December 13, 2002; and

13       f)    The Court enters a stipulated judgment on December 18, 2002.

14   The six million seven hundred twenty thousand dollars ($6,720,000) shall be divided in

15   accordance with the Confidential Disbursement Order filed with the Court under seal. The

16   Confidential Disbursement Order will identify each plaintiff's liquidated damages, back wages

17   portion of the damages, and the attorneys' fees to be paid to Class Counsel and shall remain

18   confidential as it reveals personal information pertaining to sworn law enforcement officers. The

19   gross amount to be received by each of the *Brehm* and *Lara* plaintiffs (before withholding of

20   taxes, where legally required) for both the liquidated damages and back wages (before Class

21   Counsel withholding of fees and costs of suit) is set forth in the Confidential Disbursement Order

22   of this Agreement.

23   By December 23, 2002, the City shall forward to Class Counsel a warrant for plaintiffs'

24   liquidated damages claims as set forth in the Confidential Disbursement Order, less appropriate

25   attorney's fees and costs of suit to be determined in accordance with plaintiffs' retainer

26   agreement with Class Counsel. This sum is to be deposited by Class Counsel in a trust account

27   for the *Brehm* and *Lara* plaintiffs and disbursed by Class Counsel to each of the *Brehm* and *Lara*

28   plaintiffs as set forth in the Confidential Disbursement Order.

54    Ex. B 20-30

1     Within seven (7) calendar days after all of the above have occurred, *i.e.*, by December 30,

2  2002, the City shall pay plaintiffs the gross amount of back overtime wages owed, less legally

3  required withholdings.  Specifically, the City shall provide each individual plaintiff a warrant

4  (and a receipt to Class Counsel) representing the gross back overtime wages amount as set forth

5  in the Confidential Disbursement Order for each individual plaintiff, less legally required

6  withheld taxes and less appropriate fees and costs of suits to be determined solely between each

7  plaintiff and Class Counsel and as set forth in the Confidential Disbursement Order.

8     Each check transmitted to a plaintiff shall include the following notice:

9     "On November 7, 2002, The Petersen Law Firm transmitted a Notice to you

10     regarding the proposed settlement of the *Brehm v. City of Los Angeles* and *Lara v.*

11     *City of Los Angeles* lawsuits.  Pursuant to such Notice, you were given until

12     November 25, 2002 to file objections to the settlement with the Court.  The Court

13     conducted a hearing regarding the settlement on December 9, 2002 and thereafter

14     approved the settlement as a fair, reasonable and adequate resolution of plaintiffs'

15     claims.  Pursuant to the Notice and the terms of the Settlement Agreement, you

16     became bound by the terms of the settlement when you did not opt-out of the

17     settlement by the December 13, 2002 deadline.  A stipulated judgment was

18     entered by the Court on December 18, 2002.  The enclosed check concludes this

19     case and all matters related thereto."

20     On January 2, 2003, a warrant shall be sent by the City to Class Counsel that is made

21  payable to Class Counsel for partial attorneys' fees and costs in litigating the *Brehm* and *Lara*

22  actions as set forth in the Confidential Disbursement Order. Finally, no later than January 6,

23  2003, the City shall forward to Class Counsel a final warrant.  The final warrant to be sent to

24  Class Counsel shall be made payable to Class Counsel by the City for the remaining attorneys'

25  fees and costs in litigating the *Brehm* and *Lara* actions as set forth in the Confidential

26  Disbursement Order.

27  ///

28  ///

55    Ex. B 21-30

1    ### 6.2    DISMISSAL OF *BREHM* AND *LARA* ACTIONS:

2    Within fourteen (14) calendar days after payment by the City of the sums required under

3    the Confidential Disbursement Order of this Agreement, Class Counsel shall file with the District

4    Court all documents necessary to effectuate a dismissal, with prejudice, of the *Brehm* and *Lara*

5    actions, except for the three plaintiffs identified in Section 6.3 of this Agreement.

6    ### 6.3    STAY FOR PLAINTIFFS CURRENTLY IN MILITARY SERVICE

7    Plaintiffs Mell Hogg, Jericho Velasquez, and James Zourek are currently in military

8    service on active duty. The parties acknowledge that their claims are not dismissed or otherwise

9    compromised by this Agreement pursuant to the Soldiers and Sailors Civil Relief Act, 50 U.S.C.

10   Appx., § 521. Their claims shall be stayed until their return from military service. Upon the

11   expiration of their active military service, the above-mentioned plaintiffs shall have the right to

12   litigate this action, including the right to settle their claims, to serve and be served with discovery

13   and motions, and to try their claims. The parties agree that the amount paid pursuant to this

14   Agreement has been reduced by $30,000 from $6,750,000 to $6,720,000 since those three

15   plaintiffs are not a party to the Agreement and will not dismiss their claims at this time.

16   ### 7.    AGREEMENT REGARDING PAYMENT OF OVERTIME:

17   ### 7.1    CITY'S EFFORTS

18   The City's good faith efforts include having conducted the "white time" audit in June

19   2000, requiring a provision regarding the prohibition of "white time" in the Memorandum of

20   Understanding ("MOU") for the Police Officers, Lieutenant and Below Representation Unit,

21   No. 24, 2001-2003, as reflected in Article 4.1.C of the MOU, and issuing the Notice from the

22   LAPD Chief of Police entitled "Prohibition against Working Unauthorized Overtime to Prepare

23   for Roll Call" on August 27, 2001. The reason the City has undertaken these remedial measures

24   is because it believes these efforts are sufficient to establish a good faith corrective action

25   affirmative defense as set forth in 29 U.S.C. § 260.

26   ### 7.2    AGREEMENTS REGARDING UNCOMPENSATED TIME

27   Plaintiffs agree not to work any uncompensated time and the City agrees that it will

28   maintain a policy prohibiting supervisors from allowing Plaintiffs to work uncompensated time.

1  Both parties in these lawsuits agree that it is against the law to work uncompensated time.

2  **8.    SETTLEMENT PROCEDURE**:

3    Upon preliminary approval of this Agreement by the City Council, Class Counsel shall

4  commence notification to the *Brehm* and *Lara* plaintiffs this Agreement by November 7, 2002, in

5  a manner reasonably calculated to give actual notice to all applicable plaintiffs of *Brehm* and

6  *Lara.* The Notice shall contain this Settlement Agreement, a letter from Class Counsel and

7  shall, at a minimum, advise in plain language:

8    a)    A plaintiff must file any written objections to the Proposed Settlement

9        with the Court no later than November 25, 2002, and serve copies of such

10        objections upon counsel for the plaintiffs and the City;

11    b)    The Court shall conduct a hearing to consider the objections of any

12        plaintiff to the Proposed Settlement on December 9, 2002 at 1:30 p.m. in

13        Courtroom 16 of the United States District Court in Los Angeles;

14    c)    The Court shall determine whether the Proposed Settlement is fair,

15        reasonable, and adequate after hearing any objections to the Proposed

16        Settlement;

17    d)    If the Court determines the Proposed Settlement is fair, reasonable, and

18        adequate the Court shall enter a Stipulated Judgment in accordance with

19        the terms of this Agreement;

20    e)    The lack of a response from any particular plaintiff during the period for

21        written objections shall be deemed as an acceptance of the terms of the

22        Settlement Agreement;

23    f)    The amount of liquidated damages which the plaintiff will receive

24        pursuant to this Settlement Agreement, if the Agreement is approved by

25        the Court;

26    g)    The damages amount of back wages which the plaintiff will receive

27        pursuant to this Settlement Agreement, if the Agreement is approved by

28        the Court;

1        h)    The procedure for a plaintiff who chooses not to participate in the

2               Settlement to dismiss his or her claims without prejudice; and

3        i)    Instructions regarding the method of acceptance of the Settlement

4               Agreement.

5      Class Counsel and counsel for the City shall make best efforts to effectuate and

6 implement the Settlement Agreement by notifying plaintiffs of *Brehm* and *Lara* of the terms of

7 the Settlement Agreement and the events which will occur as the parties perform their

8 obligations under the Agreement through departmental mail and/or U.S. mail.

9        **8.1**   **HEARING ON PROPOSED SETTLEMENT**:

10     The Court shall conduct a hearing to determine if the Proposed Settlement is fair,

11 reasonable, and adequate on December 9, 2002, at 1:30 p.m. Any objections by any person to

12 the Proposed Settlement must be filed with the Court and served on Class Counsel and counsel

13 for the City no later than November 25, 2002. Class Counsel or counsel for the City may file a

14 written response to the objections with the Court no later than December 3, 2002. If the Court

15 determines that the Proposed Settlement is fair, reasonable, and adequate, the Court shall issue an

16 order to that effect.

17        **8.2**   **DISMISSAL OF CLAIMS BY PLAINTIFFS:**

18     Any plaintiff who decides not to participate in the Settlement Agreement must file with

19 the Court and serve on all counsel a dismissal of his or her claims without prejudice no later than

20 December 13, 2002. The Court, if it issues an order that the Settlement is fair, reasonable, and

21 adequate, shall enter a Stipulated Judgment in accordance with the terms of this Agreement on

22 December 18, 2002, except as noted below. Either party shall have until December 16, 2002 to

23 apply to the Court for permission to rescind its approval of the Agreement due to objections

24 and/or dismissals by the plaintiffs. If such an application is made, the Court shall not enter a

25 Stipulated Judgment until it rules on the application.

26 ///

27 ///

28 ///

58

Ex. B 24-30

### 8.2.1   REDUCTION OF SETTLEMENT AMOUNTS FOR PLAINTIFFS WHO DISMISS THEIR CLAIMS:

The total settlement amounts set forth in the Confidential Disbursement Order of this Agreement shall be reduced in accordance with the amounts set forth in the Confidential Disbursement Order for each Plaintiff who affirmatively elects not to be bound by the Settlement and dismisses their claims without prejudice according to the procedure set forth in paragraphs 8(h) & 8.2. Specifically, the total amounts set forth in the Confidential Disbursement Order will be reduced by the amount set forth in the Confidential Disbursement Order for each *Brehm* or *Lara* plaintiff who dismisses his or her claims without prejudice. The Court shall enter an order returning to the City the sum of money awarded to each person who elects not to be bound by the Settlement Agreement awarded by the Confidential Disbursement Order.

### 9.   ANTI-RETALIATION:

The FLSA prohibits retaliation by the City against plaintiffs, as set forth more fully at 29 U.S.C. § 215(a)(3). No retaliatory action shall be taken against any plaintiff by the City for his or her participation in the litigation and/or settlement in the *Brehm* or *Lara* actions.

### 10.   DISCLOSURES AND REPRESENTATIONS:

#### 10.1   CONSULTATION WITH COUNSEL:

Plaintiffs have been informed of the opinion of Class Counsel, and have had sufficient time to consult with independent counsel with respect to the advisability of accepting the terms of this Agreement, and with respect to the releases, waivers, and all matters contained herein. Plaintiffs, in accepting the settlement, agree to the terms herein and hold harmless all attorneys, agents, servants or others acting relevant thereto. The City has had sufficient time to consult with counsel with respect to the advisability of executing this Agreement, and with respect to the releases, waivers, and all matters contained herein. The City and plaintiffs acknowledge that they have executed this Agreement without fraud, duress, or undue influence.

#### 10.2   NO RELIANCE ON PRIOR REPRESENTATIONS:

Statements made in the past have been modified by changing circumstances. Plaintiffs and the City acknowledge that the circumstances in this settlement are unique. Plaintiffs, and


59   Ex. B 25-30

1  any other officer, agent, employee, representative, or attorney, have not made any statements,

2  representations, or promises to the City regarding any facts which may be relied upon in

3  executing this Agreement, except as expressly stated in this Agreement.  Neither the City, nor

4  any other officer, agent, employee, representative, or attorney, has made any statement,

5  representation, or promise to the plaintiffs regarding any facts which may be relied upon in

6  executing this Agreement, except as expressly stated in this Agreement.

7       **10.3    VOLUNTARY AND KNOWING WAIVER OF RIGHT:**

8       Each party acknowledges that he, she or it has carefully read this Agreement and has been

9  advised fully by legal counsel of the legal and binding effect of its terms.  Each party

10  acknowledges that the only promises made to induce him, her, or it to sign this Agreement are

11  those stated herein.  Having been fully advised and informed, each party voluntarily enters into

12  this Agreement and the waiver of rights covered by this Agreement.  Each plaintiff realizes that

13  he or she has a right under the FLSA or any other federal or state laws to minimum wages and

14  unpaid overtime as set forth in the FLSA or any other federal or state laws.  Each party agrees

15  that he or she is entering into this Settlement Agreement because of uncertainty over the outcome

16  of the litigation and the potential for plaintiffs to receive anywhere from no damages to full

17  liquidated damages and attorneys' fees should these actions proceed to a final judgment and is

18  therefore not waiving any entitlement to overtime that he or she possessed under the FLSA or

19  any other federal or state laws.

20       Each party understands, acknowledges, and agrees that this is a compromise settlement of

21  disputed claims, and that nothing herein shall be deemed or construed at any time or for any

22  purpose as an admission of the merits of any claim or defense.

23       **10.4    ASSIGNMENT OF RIGHTS BY PLAINTIFFS:**

24       Except for such assignations, transfers, or grants which may have occurred upon

25  operation of law, the parties have not heretofore assigned, transferred, or granted, or purported to

26  assign, transfer, or grant, any of the claims, demands, causes of action, obligations, liens,

27  judgments, orders, damages, liabilities, losses, costs and expenses of any kind, in law or in

28  equity, whether known or unknown, that parties now hold, will ever hold, or have ever held



1  against the other related to this case, including, but not limited to:  1) any and all claims,

2  demands, or causes of action reflected in the lawsuit; 2) any and all claims, demands, or causes

3  of action arising out of or in any way connected with any transactions, occurrences, acts or

4  omissions set forth or alleged in the lawsuit; or 3) any and all claims, demands, or causes of

5  action arising out of or in any way connected with any transactions, occurrences, acts or

6  omissions occurring prior to the entry of a Stipulated Judgment by the Court.

7        **11.**    **REIMBURSEMENTS**:

8        The parties further agree that the amounts to be paid by the City to Class Counsel

9  pursuant to the Confidential Disbursement Order of this Agreement constitutes full compensation

10  of the attorneys' fees and costs to which the *Brehm* and *Lara* plaintiffs are entitled by law from

11  the City.  Any additional fees and/or costs associated with the prosecuting of the *Brehm* and *Lara*

12  actions shall be borne solely by the *Brehm* and *Lara* plaintiffs and/or Class Counsel.

13        **12.**    **JURISDICTION**:

14        This Agreement, upon execution by the parties and entry of a Stipulated Judgment by the

15  Court, shall have the effect of a binding judgment.  In the event of breach of this Agreement by

16  any of the parties, the Court shall have the authority to enforce any and all of the terms and

17  conditions contained herein for a five (5) year period commencing with the Court's approval of

18  the terms of this Agreement.  If any action is instituted to enforce this Agreement, the Court shall

19  have jurisdiction to award attorneys' fees and costs to the prevailing party.

20        **13.**    **ENTIRE AGREEMENT IS INTEGRATED**:

21        The parties agree that the obligations contained in this Agreement are the sole and only

22  consideration for it, and that no representations or inducements have been made by any party, or

23  such party's employees, agents, or attorneys, except as specifically set forth in this Agreement.

24  There is no other Agreement, written or oral, express or implied, between the parties with respect

25  to the subject matter of this Agreement except as explicitly referred to herein.  This Agreement

26  supersedes any previous oral or written agreements or understandings between the parties

27  regarding any matter contained in the Agreement.  This Agreement cannot be amended,

28  ///

61     Ex B 27-3

1    modified, or supplemented in any respect except by a written agreement executed by the parties

2    identified in section 20 of this Agreement.

3    **14.    SUCCESSORS:**

4    This Agreement shall be binding upon plaintiffs and their heirs, representatives,

5    executors, administrators, successors and assigns, and shall inure to the benefit of each and all of

6    the heirs, representatives, executors, administrators, successors, and assigns.

7    **15.    JOINT DRAFTING OF AGREEMENT:**

8    The *Brehm* and *Lara* plaintiffs, through their Class Counsel, and the City, through its

9    attorneys, have participated in the drafting of this Agreement. The attorneys for all parties by

10   their signature on this Agreement approve it as to form, and accordingly, the normal rule of

11   construction to the effect that any ambiguities are to be resolved against the drafting parties will

12   not be employed in any interpretation of this Agreement.

13   **16.    STIPULATED JUDGMENT:**

14   Upon execution by the parties in the manner set forth above and the Court's

15   determination that the Proposed Settlement is fair, adequate, and reasonable, this Agreement

16   shall be submitted to the Court for entry of a stipulated judgment.

17   **17.    WITHHOLDING OF TAXES FROM SETTLEMENT AMOUNTS:**

18   The parties agree and the Court so determines that the lump sum cash payments set forth

19   in Confidential Disbursement Order (Attachment A) to the Agreement that are designated as

20   back wages are wages subject to full withholding of federal and state income and other payroll

21   withholding taxes.

22   The parties agree and the Court so determines that the cash payments set forth in the

23   Confidential Disbursement Order (Attachment A) to this Agreement that are designated as

24   liquidated damages and/or attorneys' fees and costs, are not wages. Since these amounts are not

25   wages, the parties believe that such amounts are not subject to federal and state income or other

26   payroll tax withholding requirements, although they may be taxable as gross income.

27   Plaintiffs are encouraged to consult with a tax advisor or attorney to determine

28   independently any federal, state, or local tax consequences of the settlement amounts, and no

1   opinion on any tax matter is expressed herein.  Plaintiffs are solely responsible for reporting

2   amounts received as liquidated damages pursuant to this Agreement to any applicable federal,

3   state or local agency as required by law.

4         The withholding of taxes with respect to the disbursement of funds classified as wages

5   under the Confidential Disbursement Order will be made in accordance with the W-4 form each

6   plaintiff has on file with the City.  No taxes will be withheld from the disbursement of funds

7   classified as liquidated damages under the Confidential Disbursement Order.  The parties agree

8   that the City may report funds paid as liquidated damages on IRS Form 1099 as compensation

9   paid to each plaintiff and shall not withhold from or remit payment to the Internal Revenue

10  Service on account of such payment.  Plaintiffs will be responsible for any and all taxes

11  associated with this lump-sum payment for liquidated damages as designated in the Confidential

12  Disbursement Order.

13      **18.**   **FORCE MAJEURE:**

14        If any act of God, riot, natural disaster, war, armed conflict, or other event of a similar

15  nature occurs which substantially impairs the ability of a party to perform the terms of this

16  Agreement, then either party may terminate the Agreement upon application and approval by the

17  Court.

18      **19.**   **SEVERABILITY:**

19        This Agreement shall be considered severable, such that if any provision or part of the

20  Agreement is ever held invalid under any law or ruling, that provision or part of the Agreement

21  shall remain in force and effect to the extent allowed by law, and all other provisions or parts

22  shall remain in full force and effect.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

63   Ex. B 29·30

1    **20.    EXECUTION OF THIS AGREEMENT**:

2          **20.1    EXECUTION BY THE CITY**:

3          The Charter for the City provides that only the City Council has authority to enter into

4    this Agreement.  Therefore, this Agreement may only be approved by the City by an action of the

5    City Council.

6          **20.2    EXECUTION BY THE PLAINTIFFS**:

7          This Agreement will be executed on behalf of plaintiffs by Class Counsel.

8

9                                         THE PETERSEN LAW FIRM

10

11   DATED: ___12|19___, 2002

                                         _____
12                                        GREGORY G. PETERSEN, ESQ., Class Counsel
                                         in *Brehm v. City of Los Angeles* and *Lara v. City of
13                                        Los Angeles*

14                                        CITY OF LOS ANGELES

15

16   DATED: ___1/9___, 2003    By: _____

17                                        GARY G. GEUSS
                                         Assistant City Attorney
18

**APPROVED AS TO FORM:**

19

20

21                                        LIEBERT CASSIDY WHITMORE

22
     DATED: ___12|26___, 2002    By: _____
23                                        PETER J. BROWN
                                         Attorneys for Defendant, City of Los Angeles
24

25

26

27

28

64

Ex. B 30-30

*Exhibit C*

SCANNED

## SETTLEMENT AGREEMENT AND RELEASE

### RECITALS

Beginning in 2000, a number of present and former police officers in the Los Angeles

Police Department ("LAPD") individually retained The Petersen Law Firm to bring a lawsuit

against their employer, the City of Los Angeles ("City"), a municipal corporation. Plaintiffs

sought relief for an alleged violation of the federal Fair Labor Standards Act (hereinafter

"FLSA"), 29 U.S.C. § 201 et seq., in regard to the payment of overtime, in an action entitled

*Edward Brehm v. City of Los Angeles*, U.S. District Court, C.D. Cal. No. CV-02-4979-JFW

(JWJx) (formerly SACV 00-748-GLT (MLGx)) ("the Brehm litigation" or "the Brehm action").

In 2002, present and/or former police officers in the LAPD individually retained The

Petersen Law Firm to file an action against the City, entitled *Stella Lara v. City of Los Angeles*,

U.S. District Court, C.D. Cal. No. 02-2185-GHK (RCx) ("the Lara litigation" or "the Lara

action"), alleging that the City violated the provisions of the FLSA in regard to the payment of

overtime.

The parties agreed on a settlement on or about January 9, 2003 on behalf of all Brehm

and Lara plaintiffs, with the exception of plaintiffs Mell Hogg ("Hogg"), Jericho Velasquez

("Velasquez") and James Zourek ("Zourek"). Hogg, Velasquez and Zourek were not parties to

the January 9, 2003 Settlement Agreement because they each were serving abroad in the United

States military, and their claims could not be settled pursuant to the Soldiers and Sailors Civil

Relief Act, 50 U.S.C. Appx., § 521. Hogg, Velasquez and Zourek have now returned from

military leave, and the parties hereby enter into the following Settlement Agreement to resolve

their claims in the manner set forth below:

<span>65     Ex. C 1-30</span>

1. **PARTIES**

This Settlement Agreement ("Agreement") is made by and between Zourek, a named

plaintiff in the Brehm action and/or the Lara action, and the City, a municipal corporation.

2. **DISPOSITION OF CLAIMS**

The parties, with the exception of Hogg, Velasquez and Zourek, due to their military

leave, previously agreed to a comprehensive release in, and global settlement of, the Brehm and

Lara actions. A true and correct copy of the January 9, 2003 Settlement Agreement is attached

hereto as Exhibit "1," and the terms of said Settlement Agreement are incorporated herein by

reference. The January 9, 2003 Settlement Agreement will hereinafter be referred to as "Exhibit

1" in this Agreement.

The purpose of this Agreement is to resolve and settle all outstanding claims, issues, and

disputes in the Brehm and/or Lara actions brought by Zourek against the City for the City's

alleged failure to compensate Zourek under the FLSA and any other applicable federal and state

laws. In consideration of the City's payment of $5,805.29 ($2,901.68 for back pay, $969.16 for

liquidated damages and $1,934.45 for attorneys' fees) to Castle, Petersen & Krause, LLP on

behalf of Zourek, Zourek agrees to settle and release all the claims described more fully in

Exhibit 1 to this Agreement. Zourek specifically agrees to waive any and all wage claims under

federal and state law existing at the time Exhibit 1 was executed, including but not limited to,

FLSA wage and hour claims and known FLSA retaliation claims, but excluding any workers'

compensation claims. As set forth in Exhibit 1, nothing in this settlement will alter the terms and

conditions of the prior agreements in the actions styled *Michael L. Kimpel v. Willie Williams*

action, C.D. Cal. No. CV 93-3441-GHK(RNBx) and *Michael C. Huff v. Bernard Parks*, C.D.

Cal. No. CV 98-10245-GHK(RNBx).

66     Ex. C 2-30

## 3.    WAIVER OF CALIFORNIA CIVIL CODE SECTION 1542

The parties understand that this Agreement extends to all grievances, disputes, or claims

of every nature and kind, known or unknown, suspected or unsuspected, which are related to the

claims of Zourek in the Brehm and Lara actions for unpaid wages, as described in the Recitals of

Exhibit 1, including, but not limited to, any and all wage claims under the FLSA and under state

law, including known retaliation claims under the FLSA related to the Brehm and Lara actions,

but excluding workers' compensation claims.  The parties understand that this release does not

address claims relating to any conduct or activity which occurs after the date of the execution of

Exhibit 1, *i.e.,* January 9, 2003.  The parties further acknowledge that any and all rights granted

them under section 1542 of the California Civil Code, which are related to the claims of Zourek

for unpaid wages, are hereby expressly waived.  This section 1542 waiver does not include

retaliation claims.  Section 1542 of the California Civil Code reads as follows:

> SECTION 1542.  CERTAIN CLAIMS AFFECTED BY
>
> GENERAL RELEASE.
>
> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
>
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
>
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
>
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
>
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
>
> HER SETTLEMENT WITH THE DEBTOR.

## 4.    RELEASE

Plaintiff Zourek and all of his respective attorneys, agents, and assignees, do hereby fully

and forever release and discharge each other, the City and its past or present governing bodies,

67    Ex.C 3-30

boards, officers, directors, attorneys, and agents, from any and all causes of action, actions,

judgments, liens, indebtedness, damages, losses, claims, liabilities, grievances, and demands

which are related to his claims in the Brehm and Lara actions regarding the City's alleged

violations of any and all wage laws, including but not limited to FLSA wage and hour claims,

and applicable wage and hour claims under state law, including known retaliation claims under

the FLSA related to the Brehm and Lara actions, but excluding workers' compensation claims, if

any, as described more fully in the Recitals of Exhibit 1.

   The City hereby fully and forever releases and discharges Zourek and all of his respective

attorneys, agents, and assignees from any and all causes of action, actions, judgments, liens,

indebtedness, damages, losses, claims, liabilities, grievances, and demands arising from

plaintiffs' claims in the Brehm and Lara actions regarding the City's alleged violations of any

and all wage laws, including but not limited to FLSA wage and hour claims, and applicable wage

and hour claims under state law, including known retaliation claims under the FLSA related to

the Brehm and Lara actions, but excluding workers' compensation claims, if any, as described in

the Recitals of Exhibit 1.

## 5.   PAYMENT OF SETTLEMENT AMOUNTS AND DISMISSAL OF BREHM AND LARA ACTIONS

   Within thirty (30) days after the execution of this Agreement by the parties and approval

as to form and content by their counsel, the City shall deliver checks and/or warrants to Zourek's

attorneys of record, Castle, Petersen & Krause, LLP, in the following amounts:

   **a.**   The sum of $2,901.68 for back pay (minus applicable withholdings as

specified in section 12 of this Agreement) and $969.16 for liquidated damages, made payable by

separate checks and/or warrants to "James Zourek."

C:\Documents and Settings\gss\Desktop\Settlement Agreement - Zourek.doc                 Ex. C 4-30

b.      The sum of $1,934.45 to Zourek's attorneys of record, made payable by

check and/or warrant to "Castle, Petersen & Krause, LLP."

Within fourteen (14) calendar days after the City delivers checks and/or warrants to

Zourek's counsel of record in the amounts specified herein, Zourek's counsel of record shall file

with the District Court all documents necessary to effectuate a stipulated judgment concerning

Zourek's claims in the Brehm and Lara actions.

## 6.    DISCLOSURES AND REPRESENTATIONS

### a.    CONSULTATION WITH COUNSEL

Plaintiff Zourek has been informed of the opinion of his counsel, Gregory G. Petersen of

Castle, Petersen & Krause, LLP, with respect to the advisability of accepting the terms of this

Agreement, and with respect to the releases, waivers, and all matters contained herein. Zourek,

in accepting the settlement, agrees to the terms herein and holds harmless all attorneys, agents,

servants or others acting relevant thereto. The City has had sufficient time to consult with

counsel with respect to the advisability of executing this Agreement, and with respect to the

releases, waivers, and all matters contained herein. The City and Zourek acknowledge that they

have executed this Agreement without fraud, duress, or undue influence.

### b.    NO RELIANCE ON PRIOR REPRESENTATIONS

Statements made in the past have been modified by changing circumstances. Plaintiff

Zourek and the City acknowledge that the circumstances in this settlement are unique. Zourek

and any other officer, agent, employee, representative, or attorney, have not made any

statements, representations, or promises to the City regarding any facts which may be relied upon

in executing this Agreement, except as expressly stated in this Agreement. Neither the City, nor

any other officer, agent, employee, representative, nor attorney, has made any statement,

C:\Documents and Settings\gss\Desktop\Settlement Agreement - Zourek.doc

69  Ex. C 5-30

representation, or promise to Zourek regarding any facts which may be relied upon in executing

this Agreement, except as expressly stated in this Agreement.

### c.    VOLUNTARY AND KNOWING WAIVER OF RIGHT

Each party acknowledges that he or it has carefully read this Agreement and has been

advised fully by legal counsel of the legal and binding effect of its terms. Each party

acknowledges that the only promises made to induce him or it to sign this Agreement are those

stated herein. Having been fully advised and informed, each party voluntarily enters into this

Agreement and the waiver of rights covered by this Agreement. Zourek realizes that he has a

right under the FLSA or any other federal or state laws to minimum wages and unpaid overtime

as set forth in the FLSA or any other federal or state laws. Each party agrees that he or it is

entering into this Settlement Agreement because of uncertainty over the outcome of the litigation

and the potential for Zourek to receive anywhere from no damages to full liquidated damages

and attorneys' fees should the Brehm and/or Lara actions proceed to a final judgment and is

therefore not waiving any entitlement to overtime that he/it possessed under the FLSA or any

other federal or state laws.

Each party understands, acknowledges, and agrees that this is a compromise settlement of

disputed claims, and that nothing herein shall be deemed or construed at any time or for any

purpose as an admission of the merits of any claim or defense.

### d.    ASSIGNMENT OF RIGHTS BY PLAINTIFF

Except for such assignations, transfers, or grants which may have occurred upon

operation of law, the parties have not heretofore assigned, transferred, or granted, or purported to

assign, transfer, or grant, any of the claims, demands, causes of action, obligations, liens,

judgments, orders, damages, liabilities, losses, costs and expenses of any kind, in law or in

70  Ex C 6-30

equity, whether known or unknown, that parties now hold, will ever hold, or have ever held against the other related to this case, including, but not limited to: 1) any and all claims, demands, or causes of action reflected in the lawsuit; 2) any and all claims, demands, or causes of action arising out of or in any way connected with any transactions, occurrences, acts or omissions set forth or alleged in the lawsuit; or 3) any and all claims, demands, or causes of action arising out of or in any way connected with any transactions, occurrences, acts or omissions occurring prior to the execution of Exhibit 1.

### 7. REIMBURSEMENTS AND ATTORNEYS' FEES

The parties further agree that the amounts to be paid by the City to Zourek's counsel of record, Castle, Petersen & Krause, LLP, constitute full compensation of the attorneys' fees and costs to which plaintiffs are entitled by law from the City. Any additional fees and/or costs associated with the prosecution of the Brehm and Lara actions shall be borne solely by the Brehm and Lara plaintiffs and/or their counsel. However, if any action at law or in equity, including any action for declaratory relief, is brought to enforce any or all of the provisions of this Agreement, the prevailing party will be entitled to and shall be awarded reasonable attorneys' fees, which may be set by the Court in the same action or in a separate action brought for that purpose, in addition to any other relief to which that party may be entitled.

### 8. ENTIRE AGREEMENT IS INTEGRATED

The parties agree that the obligations contained in this Agreement are the sole and only consideration for it, and that no representations or inducements have been made by any party, or such party's employees, agents, or attorneys, except as specifically set forth in this Agreement. There is no other Agreement, written or oral, express or implied, between the parties with respect to the subject matter of this Agreement except as explicitly referred to herein. This Agreement

71    Ex. C 7-30

supersedes any previous oral or written agreements or understandings between the parties

regarding any matter contained in the Agreement. This Agreement cannot be amended,

modified, or supplemented in any respect except by a written agreement executed by all the

parties to this Agreement.

## 9.    SUCCESSORS

This Agreement shall be binding upon Zourek and his heirs, representatives, executors,

administrators, successors and assigns, and shall inure to the benefit of each and all of the heirs,

representatives, executors, administrators, successors, and assigns.

## 10.    JOINT DRAFTING OF AGREEMENT

Zourek, through his attorneys, and the City, through its attorneys, have participated in the

drafting of this Agreement. The attorneys for all parties by their signature on this Agreement

approve it as to form, and accordingly, the normal rule of construction to the effect that any

ambiguities are to be resolved against the drafting parties will not be employed in any

interpretation of this Agreement.

## 11.    STIPULATED JUDGMENT

Upon execution by the parties and the Court's determination that the proposed settlement

amount is fair, adequate, and reasonable, counsel for Zourek shall prepare the necessary

documents and submit this Agreement to the Court for entry of a stipulated judgment.

## 12.    WITHHOLDING OF TAXES FROM SETTLEMENT AMOUNTS

The parties agree that the payments described in section 5 of this Agreement are subject

to the tax treatment described below. The amount specified in subparagraph "a" shall be subject

to legally required deductions and withholdings. The amounts specified in subparagraphs "b"

and "c" shall be paid without withholdings.

a.    **Lost Income/Back Pay:**  As to the payment of $2,901.68 to Zourek in settlement of all claims, the parties agree that this amount shall be subject to income tax and other legally required withholding, and will be reported by the City as income to Zourek on an IRS Form W-2.

b.    **Liquidated Damages:**  As to the payment of $969.16 to Zourek in settlement of all claims, the parties agree that this amount represents liquidated damages and that this amount shall not be subject to income tax or other withholdings.  The City will issue an IRS Form 1099 to Zourek in the amount of $969.19.

c.    **Attorneys' Fees:**  As to the payment of $1,934.45 paid to Zourek's counsel of record, Castle, Petersen & Krause, LLP, for attorneys' fees incurred on Zourek's behalf, the City will issue an IRS Form 1099 to Castle, Petersen & Krause, LLP in the amount of $1,934.45.

The attorneys for the City and for Zourek make no warranty, representation or characterization regarding the tax obligations or consequences related to this Agreement.  Zourek and/or his counsel of record are solely responsible for any and all taxes associated with the payments made to Zourek and his counsel of record under this Agreement.

### 13.    SEVERABILITY

This Agreement shall be considered severable, such that if any provision or part of the Agreement is ever held invalid under any law or ruling, that provision or part of the Agreement shall remain in force and effect to the extent allowed by law, and all other provisions or parts shall remain in full force and effect.

JAMES ZOUREK

DATED:  December 23, 2005          By: _____

9

73          Ex. C 9-30

James Zourek, Plaintiff

SCANNED

CITY OF LOS ANGELES

DATED: December ___, 2005

By:_____
    Gary Geuss, Esq.
    Chief Assistant City Attorney

**APPROVED AS TO FORM:**

CASTLE, PETERSEN & KRAUSE LLP

DATED: December ___, 2005

By:_____
    Gregory G. Petersen, Esq.
    Attorneys for Plaintiff
    JAMES ZOUREK

LIEBERT CASSIDY WHITMORE

DATED: December ___, 2005

By:_____
    Brian P. Walter, Esq.
    Attorneys for Defendant
    CITY OF LOS ANGELES

C:\Documents and Settings\gss\Desktop\Settlement Agreement - Zourek.doc

74   Ex. C 10-30

and/or his counsel of record are solely responsible for any and all taxes associated with the

payments made to Zourek and his counsel of record under this Agreement.

13.    SEVERABILITY

This Agreement shall be considered severable, such that if any provision or part of the

Agreement is ever held invalid under any law or ruling, that provision or part of the Agreement

shall remain in force and effect to the extent allowed by law, and all other provisions or parts

shall remain in full force and effect.

JAMES ZOUREK

DATED: December ___, 2005                By: _____
                                             James Zourek, Plaintiff


CITY OF LOS ANGELES

DATED: December 21, 2005                 By: _____
                                             Gary Geuss, Esq.
                                             Chief Assistant City Attorney


APPROVED AS TO FORM:

CASTLE, PETERSEN & KRAUSE LLP

DATED: December ___, 2005                By: _____
                                             Gregory G. Petersen, Esq.
                                             Attorneys for Plaintiff
                                             JAMES ZOUREK


LIEBERT CASSIDY WHITMORE

DATED: December ___, 2005                By: _____
                                             Brian P. Walter, Esq.

10

C:\Documents and Settings\gau\Desktop\Settlement Agreement - Zourek.doc

75  Ex. C 11-30

James Zourek, Plaintiff

CITY OF LOS ANGELES

DATED:  December ___, 2005

By:_____
    Gary Geuss, Esq.
    Chief Assistant City Attorney

**APPROVED AS TO FORM:**

CASTLE, PETERSEN & KRAUSE LLP

DATED:  December ___, 2005

By:_____
    Gregory G. Petersen, Esq.
    Attorneys for Plaintiff
    JAMES ZOUREK

LIEBERT CASSIDY WHITMORE

DATED:  ~~December ___, 2005~~ Jan. 5, 2006

By:_____
    Brian P. Walter, Esq.
    Attorneys for Defendant
    CITY OF LOS ANGELES

10

76   Ex. C 12-30

# SETTLEMENT AGREEMENT AND RELEASE

## RECITALS

Beginning in 2000, a number of present and former police officers in the Los Angeles Police Department ("LAPD") individually retained The Petersen Law Firm to bring a lawsuit against their employer, the City of Los Angeles ("City"), a municipal corporation. Plaintiffs sought relief for an alleged violation of the federal Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq.*, in regard to the payment of overtime, in an action entitled *Edward Brehm v. City of Los Angeles*, U.S. District Court, C.D. Cal. No. CV-02-4979-JFW (JWJx) (formerly SACV 00-748-GLT (MLGx)) ("the *Brehm* litigation" or "the *Brehm* action");

One provision of the FLSA, 29 U.S.C. § 216(b), allows employees to join a representative collective action under the FLSA by filing consents to join with the District Court, and approximately 573 present or former LAPD officers joined the *Brehm* litigation prior to the District Court-imposed deadline of April 1, 2001. Since the filing of the lawsuit, about 80 plaintiffs have been dismissed from the litigation, leaving four hundred ninety-three (493) plaintiffs to participate in the terms of this Settlement Agreement and Release;

In 2002, present and/or former police officers in the LAPD individually retained The Petersen Law Firm to file an action against the City, entitled *Stella Lara v. City of Los Angeles*, U.S. District Court, C.D. Cal. No. 02-2185-GHK (RCx) ("the *Lara* litigation" or "the *Lara* action"), alleging that the City violated the provisions of the FLSA in regard to the payment of overtime;

About 17 present and/or former police officers have joined the *Lara* litigation as of the stipulated opt-in cut-off deadline of August 28, 2002. The allegations in the *Brehm* and *Lara* actions are essentially the same, although not every claim is alleged by every plaintiff;

The *Brehm* and *Lara* plaintiffs claim that the City violated the FLSA, and other applicable federal and state wage laws, by requiring the plaintiffs to work overtime hours without compensation. Plaintiffs allege they were told or pressured by their supervising officers not to submit an overtime slip, but rather to adjust or flex their schedules, known as "white time."

77   Ex. C 13-30

1  Plaintiffs allege they could not adjust off all of the hours of uncompensated overtime they had

2  accumulated within the same deployment period in which the hours were worked, and in some

3  circumstances were never able to use those "white time" hours.  On some of the occasions that

4  plaintiffs did in fact adjust their schedules, plaintiffs allege that the hours were taken off at the

5  rate of only one hour off for each hour (hour for hour or "straight time") of overtime worked,

6  instead of at the time and a half premium rate.

7       Plaintiffs asserted three additional specific claims as to the City's alleged violations of 29

8  U.S.C. § 207(k) and 29 U.S.C. § 207(o), in regards to the City's denials of the plaintiffs' requests

9  to be paid overtime compensation and the widespread implementation of an alleged unofficial

10  compensatory time off system.  The first claim asserts that the City required plaintiffs to start

11  working before their regularly scheduled start of watch in order to prepare for roll call without

12  compensation. The second claim asserts that the City required plaintiffs to work through their

13  scheduled meal period without compensation.  The third claim asserts that the City required

14  plaintiffs to work past their regularly scheduled end of watch without compensation.  The City

15  denies these claims.  Plaintiffs allege the City willfully violated 29 U.S.C. § 206, the minimum

16  wage provision of the FLSA, by failing to pay for all overtime hours worked, and the City failed

17  to keep or maintain any records of each of the plaintiffs' actual number of hours worked, in

18  violation of 29 U.S.C. § 211(c).  The parties dispute whether any hours were being worked

19  without compensation.

20       The parties have already expended millions of dollars in costs and attorney's fees during

21  the litigation of the *Brehm* and *Lara* actions.  Had the *Brehm* and *Lara* actions not settled, the

22  parties expected years of continued litigation at a cost of millions of additional dollars in

23  attorneys' fees.  The settlement was reached after extensive negotiations;

24       Had these actions not settled as set forth hereinafter, the parties were anticipating a trial in

25  June 2003 on the claims of each plaintiff that they were unlawfully denied the payment of

26  overtime compensation, which could have entailed hundreds of depositions and trials of each

27  claim, including individual discovery and trial of each claim by each plaintiff that

28  ///

78    Ex. C  14-30

1   uncompensated hours were worked. The parties anticipated that this aspect of the litigation alone

2   would have consumed years of litigation at immense cost to both sides;

3       Additionally, the parties anticipated litigating whether plaintiffs were entitled to

4   compensation for "gap time," whether the City could offset certain payments to plaintiffs against

5   any FLSA or state law overtime liability, whether an average of plaintiffs' estimated range of

6   hours worked could be used to determine damages, and whether the City acted in good faith or

7   willfully violated the FLSA or any other applicable federal or state laws. The parties also took

8   into account the unpredictability of recovery, which for the failure to pay overtime for time

9   worked could have been as great as full liquidated damages or as little as nothing, depending on

10  whether the City was able to establish that it acted in good faith pursuant to 29 U.S.C. § 260.

11  The parties fully expected that whatever the outcome in the District Court, there was a high

12  probability of appeal by both sides on numerous issues. After numerous hours of negotiations

13  and evaluation of the merits and potential damages, the parties view this settlement as a

14  compromise of the risks attendant to both sides in continuing the litigation. The City admits no

15  liability but settles the matter solely due to the costs of litigating these actions;

16      The parties hereby enter into the following Settlement Agreement:

17  1.    **PARTIES**:

18      This Settlement Agreement ("Agreement") is made by and between the named plaintiffs

19  in *Edward Brehm v. City of Los Angeles,* C.D. Cal. No. CV-02-4979-JFW (JWJx) (formerly

20  SACV 00-748-GLT (MLGx)), and all persons who have filed a consent to join the *Brehm* action

21  (hereinafter "*Brehm* plaintiffs"), and Stella Lara and all persons who have filed a consent to join

22  the *Stella Lara v. City of Los Angeles,* No. 02-2185-GHK (RCx) action (hereinafter "*Lara*

23  plaintiffs"), collectively referred to as "plaintiffs", and the City of Los Angeles (hereinafter

24  "City"), a municipal corporation. Although the *Brehm* and *Lara* actions have not yet been

25  consolidated by the Court, the parties agree that the cases are related and should be deemed

26  consolidated.

27  ///

28  ///

brehm settlement.wpd                    Page 3 of 18                    10-24-02 Settlement Agreement

79   Ex. C 15-30

2.      **DEFINITIONS**:

    **2.1**   **LAPD**:

As used in this Agreement, "LAPD" refers to the Los Angeles Police Department.

    **2.2**   **SWORN EMPLOYEE:**

As used in this Agreement, "sworn employee" refers to a sworn employee of the LAPD holding the rank of lieutenant or below.

    **2.3**   **FLSA**:

As used in this Agreement, "FLSA" refers to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 and the Portal to Portal Act of 1947, 29 U.S.C. §§ 251-262.

    **2.4**   **DEPLOYMENT PERIOD**

As used in this Agreement, "Deployment Period" ("DP") refers to a sworn employee's twenty-eight (28) day work period.

    **2.5**   **OVERTIME**:

As used in this Agreement, unless otherwise indicated, "overtime" refers to both FLSA overtime and non-FLSA overtime.

    **2.6**   **FLSA OVERTIME**:

As used in this Agreement, "FLSA overtime" refers to hours actually worked by a sworn employee of the LAPD during a twenty-eight (28) day work period (deployment period) which exceed one hundred seventy-one (171) hours.

    **2.7**   **NON-FLSA OVERTIME:**

As used in this Agreement, "non-FLSA overtime" refers to the compensation of a sworn employee with overtime pursuant to the Memorandum of Understanding for the Police Officers, Lieutenant and Below Representation Unit with the City for any hours worked or activities which are not FLSA overtime hours.

    **2.8**   **WHITE TIME:**

As used in this Agreement, "white time" refers to unofficial compensatory time off given to plaintiffs for working overtime hours.

///

**2.9   EXTENDED END OF WATCH:**

As used in this Agreement, "extended end of watch" time refers to time worked past a sworn employee's regularly scheduled watch (duty day).

**2.10   ROLL CALL PREPARATION:**

As used in this Agreement, "roll call preparation" refers to time worked before or prior to a sworn employee's start of watch (duty day) to prepare for roll call.

**2.11   CODE 7**

As used in this Agreement, "Code 7" refers to a sworn employee's meal period during their scheduled watch hours, which may be either a 30 minute or a 45 minute break, depending on rank and assignment.

**2.12   CLASS COUNSEL:**

As used in this Agreement, "Class Counsel" refers to Gregory G. Petersen, Esq., the attorney representing the *Brehm* and *Lara* plaintiffs.

**3.   CLASS STATUS:**

**3.1   STIPULATION OF FACT:**

The *Brehm* and *Lara* actions are representative collective/class actions under section 216(b) of the FLSA. Each plaintiff in *Brehm* or *Lara* who was not named in the complaints filed a consent to join the actions. Each of the plaintiffs herein have common questions of law and fact which predominate.

**3.2   CLASS COUNSEL:**

Gregory G. Petersen, Esq., has been designated to be Class Counsel for plaintiffs in the *Brehm* and *Lara* actions.

**4.   PURPOSE OF AGREEMENT:**

The purpose of this Agreement is to resolve and settle all outstanding claims, issues, and disputes in the *Brehm* and *Lara* actions brought by plaintiffs against the City for the City's alleged failure to compensate plaintiffs for all hours worked under the FLSA and any other applicable federal and state laws. The parties agree to a comprehensive release in, and global settlement of, the *Brehm v. City of Los Angeles* and *Lara v. City of Los Angeles* actions. The

81   Ex. Q 17-30

1   plaintiffs in these actions agree to settle any and all wage claims under federal and state law,

2   including, but not limited to, FLSA wage and hour claims and known FLSA retaliation claims,

3   but excluding any workers' compensation claims. However, nothing in this settlement will alter

4   the terms and conditions of the prior agreements in the *Michael L. Kimpel v. Willie Williams*

5   action, C.D. Cal. No. CV 93-3441-GHK(RNBx), and in the *Michael C. Huff v. Bernard Parks*,

6   C.D. Cal. No. CV 98-10245-GHK(RNBx).

7        The claims of plaintiffs which are being compromised are set forth above in the Recitals

8   of this Agreement. The parties dispute each of the issues as set forth above in the Recitals, and

9   the City denies the plaintiffs' allegations as set forth above in the Recitals. The parties wish to

10  finally settle and resolve all disputes and controversies regarding claims under the FLSA, and

11  other applicable federal and state wage laws, but excluding any workers' compensation claims, in

12  order to make their peace and to avoid the uncertainties of further litigation and the expense

13  incident thereto.

14     **5.**    **WAIVER OF CALIFORNIA *CIVIL CODE* SECTION 1542**:

15        The parties understand that this Agreement extends to all grievances, disputes, or claims

16  of every nature and kind, known or unknown, suspected or unsuspected, which are related to

17  Plaintiffs' claims in the *Brehm* and *Lara* actions for unpaid wages, as described in the Recitals of

18  this Agreement, including, but not limited to, any and all wage claims under the FLSA and under

19  state law, including known retaliation claims under the FLSA related to the *Brehm* and *Lara*

20  actions, but excluding workers' compensation claims. The parties understand that this release

21  does not address claims relating to any conduct or activity which occurs after the date of the

22  Court's entry of judgment which, pursuant to paragraph 8.2, the parties expect will occur on

23  December 16, 2002. The parties further acknowledge that any and all rights granted them under

24  section 1542 of the California *Civil Code*, which are related to Plaintiffs' claims for unpaid

25  wages, are hereby expressly waived. This section 1542 waiver does not include retaliation

26  claims. Section 1542 of the California *Civil Code* reads as follows:

27     **SECTION 1542. CERTAIN CLAIMS AFFECTED BY GENERAL**

28     **RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS**

82   Ex. C  18-30

1  WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST

2  IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE,

3  WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED

4  HIS SETTLEMENT WITH THE DEBTOR.

5      5.1   RELEASE:

6      Plaintiffs, and all of their respective attorneys, agents, and assignees, do hereby fully and

7  forever release and discharge each other, the City and its past or present governing bodies,

8  boards, officers, directors, attorneys, and agents, from any and all causes of action, actions,

9  judgments, liens, indebtedness, damages, losses, claims, liabilities, grievances, and demands

10  which are related to plaintiffs' claims in the *Brehm* and *Lara* actions regarding the City's alleged

11  violations of any and all wage laws, including but not limited to FLSA wage and hour claims,

12  and applicable wage and hour claims under state law, including known retaliation claims under

13  the FLSA related to the *Brehm* and *Lara* actions, but excluding workers' compensation laws, as

14  described in the Recitals of this Agreement.

15      The City hereby fully and forever releases and discharges plaintiffs and all of their

16  respective attorneys, agents, and assignees from any and all causes of action, actions, judgments,

17  liens, indebtedness, damages, losses, claims, liabilities, grievances, and demands arising from

18  plaintiffs' claims in the *Brehm* and *Lara* actions regarding the City's alleged violations of any

19  and all wage laws, including but not limited to FLSA wage and hour claims, and applicable wage

20  and hour claims under state law, including known retaliation claims under the FLSA related to

21  the *Brehm* and *Lara* actions, but excluding workers' compensation laws, as described in the

22  Recitals of this Agreement.

23   6.   PAYMENT AND PAYMENT SCHEDULES

24      6.1   *BREHM* AND *LARA* PLAINTIFFS

25      The total sum to be paid by the City pursuant to this Agreement is six million seven

26  hundred twenty thousand dollars ($6,720,000) payable as set forth in the Confidential

27  Disbursement Order ("Attachment A") of the Agreement.

28  ///

83   Ex. C 19-30

1    Each of the following must occur prior to the City paying any funds pursuant to this

2  Agreement:

3            a)      Notice of this settlement is provided to all *Brehm* and *Lara*

4                    plaintiffs by November 7, 2002;

5            b)      Plaintiffs are provided an opportunity to object to the proposed

6                    settlement by November 25, 2002;

7            c)      A hearing is held on December 9, 2002 at 1:30 p.m. regarding any

8                    of the plaintiffs' objections to the proposed settlement, if any;

9            d)      The Court approves of the terms of this Agreement on

10                   December 10, 2002;

11           e)      Plaintiffs are permitted to opt-out of this settlement by dismissing

12                   their claims without prejudice by December 13, 2002; and

13           f)      The Court enters a stipulated judgment on December 18, 2002.

14    The six million seven hundred twenty thousand dollars ($6,720,000) shall be divided in

15  accordance with the Confidential Disbursement Order filed with the Court under seal. The

16  Confidential Disbursement Order will identify each plaintiff's liquidated damages, back wages

17  portion of the damages, and the attorneys' fees to be paid to Class Counsel and shall remain

18  confidential as it reveals personal information pertaining to sworn law enforcement officers. The

19  gross amount to be received by each of the *Brehm* and *Lara* plaintiffs (before withholding of

20  taxes, where legally required) for both the liquidated damages and back wages (before Class

21  Counsel withholding of fees and costs of suit) is set forth in the Confidential Disbursement Order

22  of this Agreement.

23    By December 23, 2002, the City shall forward to Class Counsel a warrant for plaintiffs'

24  liquidated damages claims as set forth in the Confidential Disbursement Order, less appropriate

25  attorney's fees and costs of suit to be determined in accordance with plaintiffs' retainer

26  agreement with Class Counsel. This sum is to be deposited by Class Counsel in a trust account

27  for the *Brehm* and *Lara* plaintiffs and disbursed by Class Counsel to each of the *Brehm* and *Lara*

28  plaintiffs as set forth in the Confidential Disbursement Order.

84

Ex C  26-30

1    Within seven (7) calendar days after all of the above have occurred, *i.e.*, by December 30,

2  2002, the City shall pay plaintiffs the gross amount of back overtime wages owed, less legally

3  required withholdings.  Specifically, the City shall provide each individual plaintiff a warrant

4  (and a receipt to Class Counsel) representing the gross back overtime wages amount as set forth

5  in the Confidential Disbursement Order for each individual plaintiff, less legally required

6  withheld taxes and less appropriate fees and costs of suits to be determined solely between each

7  plaintiff and Class Counsel and as set forth in the Confidential Disbursement Order.

8    Each check transmitted to a plaintiff shall include the following notice:

9    "On November 7, 2002, The Petersen Law Firm transmitted a Notice to you

10    regarding the proposed settlement of the *Brehm v. City of Los Angeles* and *Lara v.*

11    *City of Los Angeles* lawsuits.  Pursuant to such Notice, you were given until

12    November 25, 2002 to file objections to the settlement with the Court.  The Court

13    conducted a hearing regarding the settlement on December 9, 2002 and thereafter

14    approved the settlement as a fair, reasonable and adequate resolution of plaintiffs'

15    claims.  Pursuant to the Notice and the terms of the Settlement Agreement, you

16    became bound by the terms of the settlement when you did not opt-out of the

17    settlement by the December 13, 2002 deadline.  A stipulated judgment was

18    entered by the Court on December 18, 2002.  The enclosed check concludes this

19    case and all matters related thereto."

20    On January 2, 2003, a warrant shall be sent by the City to Class Counsel that is made

21  payable to Class Counsel for partial attorneys' fees and costs in litigating the *Brehm* and *Lara*

22  actions as set forth in the Confidential Disbursement Order.  Finally, no later than January 6,

23  2003, the City shall forward to Class Counsel a final warrant.  The final warrant to be sent to

24  Class Counsel shall be made payable to Class Counsel by the City for the remaining attorneys'

25  fees and costs in litigating the *Brehm* and *Lara* actions as set forth in the Confidential

26  Disbursement Order.

27  ///

28  ///

1    **6.2    DISMISSAL OF *BREHM* AND *LARA* ACTIONS:**

2    Within fourteen (14) calendar days after payment by the City of the sums required under

3    the Confidential Disbursement Order of this Agreement, Class Counsel shall file with the District

4    Court all documents necessary to effectuate a dismissal, with prejudice, of the *Brehm* and *Lara*

5    actions, except for the three plaintiffs identified in Section 6.3 of this Agreement.

6    **6.3    STAY FOR PLAINTIFFS CURRENTLY IN MILITARY SERVICE**

7    Plaintiffs Mell Hogg, Jericho Velasquez, and James Zourek are currently in military

8    service on active duty. The parties acknowledge that their claims are not dismissed or otherwise

9    compromised by this Agreement pursuant to the Soldiers and Sailors Civil Relief Act, 50 U.S.C.

10    Appx., § 521. Their claims shall be stayed until their return from military service. Upon the

11    expiration of their active military service, the above-mentioned plaintiffs shall have the right to

12    litigate this action, including the right to settle their claims, to serve and be served with discovery

13    and motions, and to try their claims. The parties agree that the amount paid pursuant to this

14    Agreement has been reduced by $30,000 from $6,750,000 to $6,720,000 since those three

15    plaintiffs are not a party to the Agreement and will not dismiss their claims at this time.

16    **7.    AGREEMENT REGARDING PAYMENT OF OVERTIME:**

17    **7.1    CITY'S EFFORTS**

18    The City's good faith efforts include having conducted the "white time" audit in June

19    2000, requiring a provision regarding the prohibition of "white time" in the Memorandum of

20    Understanding ("MOU") for the Police Officers, Lieutenant and Below Representation Unit,

21    No. 24, 2001-2003, as reflected in Article 4.1.C of the MOU, and issuing the Notice from the

22    LAPD Chief of Police entitled "Prohibition against Working Unauthorized Overtime to Prepare

23    for Roll Call" on August 27, 2001. The reason the City has undertaken these remedial measures

24    is because it believes these efforts are sufficient to establish a good faith corrective action

25    affirmative defense as set forth in 29 U.S.C. § 260.

26    **7.2    AGREEMENTS REGARDING UNCOMPENSATED TIME**

27    Plaintiffs agree not to work any uncompensated time and the City agrees that it will

28    maintain a policy prohibiting supervisors from allowing Plaintiffs to work uncompensated time.

Ex. C 22-30

1  Both parties in these lawsuits agree that it is against the law to work uncompensated time.

2  **8.   SETTLEMENT PROCEDURE:**

3      Upon preliminary approval of this Agreement by the City Council, Class Counsel shall

4  commence notification to the *Brehm* and *Lara* plaintiffs this Agreement by November 7, 2002, in

5  a manner reasonably calculated to give actual notice to all applicable plaintiffs of *Brehm* and

6  *Lara.* The Notice shall contain this Settlement Agreement, a letter from Class Counsel and

7  shall, at a minimum, advise in plain language:

8      a)    A plaintiff must file any written objections to the Proposed Settlement

9          with the Court no later than November 25, 2002, and serve copies of such

10         objections upon counsel for the plaintiffs and the City;

11     b)    The Court shall conduct a hearing to consider the objections of any

12         plaintiff to the Proposed Settlement on December 9, 2002 at 1:30 p.m. in

13         Courtroom 16 of the United States District Court in Los Angeles;

14     c)    The Court shall determine whether the Proposed Settlement is fair,

15         reasonable, and adequate after hearing any objections to the Proposed

16         Settlement;

17     d)    If the Court determines the Proposed Settlement is fair, reasonable, and

18         adequate the Court shall enter a Stipulated Judgment in accordance with

19         the terms of this Agreement;

20     e)    The lack of a response from any particular plaintiff during the period for

21         written objections shall be deemed as an acceptance of the terms of the

22         Settlement Agreement;

23     f)    The amount of liquidated damages which the plaintiff will receive

24         pursuant to this Settlement Agreement, if the Agreement is approved by

25         the Court;

26     g)    The damages amount of back wages which the plaintiff will receive

27         pursuant to this Settlement Agreement, if the Agreement is approved by

28         the Court;

Ex C 23-30

1    h)    The procedure for a plaintiff who chooses not to participate in the

2    Settlement to dismiss his or her claims without prejudice; and

3    i)    Instructions regarding the method of acceptance of the Settlement

4    Agreement.

5    Class Counsel and counsel for the City shall make best efforts to effectuate and

6    implement the Settlement Agreement by notifying plaintiffs of *Brehm* and *Lara* of the terms of

7    the Settlement Agreement and the events which will occur as the parties perform their

8    obligations under the Agreement through departmental mail and/or U.S. mail.

9    **8.1    HEARING ON PROPOSED SETTLEMENT**:

10    The Court shall conduct a hearing to determine if the Proposed Settlement is fair,

11    reasonable, and adequate on December 9, 2002, at 1:30 p.m.  Any objections by any person to

12    the Proposed Settlement must be filed with the Court and served on Class Counsel and counsel

13    for the City no later than November 25, 2002.  Class Counsel or counsel for the City may file a

14    written response to the objections with the Court no later than December 3, 2002.  If the Court

15    determines that the Proposed Settlement is fair, reasonable, and adequate, the Court shall issue an

16    order to that effect.

17    **8.2    DISMISSAL OF CLAIMS BY PLAINTIFFS:**

18    Any plaintiff who decides not to participate in the Settlement Agreement must file with

19    the Court and serve on all counsel a dismissal of his or her claims without prejudice no later than

20    December 13, 2002.  The Court, if it issues an order that the Settlement is fair, reasonable, and

21    adequate, shall enter a Stipulated Judgment in accordance with the terms of this Agreement on

22    December 18, 2002, except as noted below.  Either party shall have until December 16, 2002 to

23    apply to the Court for permission to rescind its approval of the Agreement due to objections

24    and/or dismissals by the plaintiffs.  If such an application is made, the Court shall not enter a

25    Stipulated Judgment until it rules on the application.

26    ///

27    ///

28    ///

1  **8.2.1   REDUCTION OF SETTLEMENT AMOUNTS FOR**

2  **PLAINTIFFS WHO DISMISS THEIR CLAIMS:**

3        The total settlement amounts set forth in the Confidential Disbursement Order of this

4  Agreement shall be reduced in accordance with the amounts set forth in the Confidential

5  Disbursement Order for each Plaintiff who affirmatively elects not to be bound by the Settlement

6  and dismisses their claims without prejudice according to the procedure set forth in paragraphs

7  8(h) & 8.2. Specifically, the total amounts set forth in the Confidential Disbursement Order will

8  be reduced by the amount set forth in the Confidential Disbursement Order for each *Brehm* or

9  *Lara* plaintiff who dismisses his or her claims without prejudice.  The Court shall enter an order

10  returning to the City the sum of money awarded to each person who elects not to be bound by the

11  Settlement Agreement awarded by the Confidential Disbursement Order.

12        **9.     ANTI-RETALIATION:**

13        The FLSA prohibits retaliation by the City against plaintiffs, as set forth more fully at 29

14  U.S.C. § 215(a)(3).  No retaliatory action shall be taken against any plaintiff by the City for his

15  or her participation in the litigation and/or settlement in the *Brehm* or *Lara* actions.

16        **10.    DISCLOSURES AND REPRESENTATIONS:**

17        **10.1   CONSULTATION WITH COUNSEL:**

18        Plaintiffs have been informed of the opinion of Class Counsel, and have had sufficient

19  time to consult with independent counsel with respect to the advisability of accepting the terms

20  of this Agreement, and with respect to the releases, waivers, and all matters contained herein.

21  Plaintiffs, in accepting the settlement, agree to the terms herein and hold harmless all attorneys,

22  agents, servants or others acting relevant thereto.  The City has had sufficient time to consult

23  with counsel with respect to the advisability of executing this Agreement, and with respect to the

24  releases, waivers, and all matters contained herein.  The City and plaintiffs acknowledge that

25  they have executed this Agreement without fraud, duress, or undue influence.

26        **10.2   NO RELIANCE ON PRIOR REPRESENTATIONS:**

27        Statements made in the past have been modified by changing circumstances.  Plaintiffs

28  and the City acknowledge that the circumstances in this settlement are unique.  Plaintiffs, and

89.-   Ex C 25-30

1  any other officer, agent, employee, representative, or attorney, have not made any statements,

2  representations, or promises to the City regarding any facts which may be relied upon in

3  executing this Agreement, except as expressly stated in this Agreement.  Neither the City, nor

4  any other officer, agent, employee, representative, or attorney, has made any statement,

5  representation, or promise to the plaintiffs regarding any facts which may be relied upon in

6  executing this Agreement, except as expressly stated in this Agreement.

7        **10.3    VOLUNTARY AND KNOWING WAIVER OF RIGHT:**

8        Each party acknowledges that he, she or it has carefully read this Agreement and has been

9  advised fully by legal counsel of the legal and binding effect of its terms.  Each party

10  acknowledges that the only promises made to induce him, her, or it to sign this Agreement are

11  those stated herein.  Having been fully advised and informed, each party voluntarily enters into

12  this Agreement and the waiver of rights covered by this Agreement.  Each plaintiff realizes that

13  he or she has a right under the FLSA or any other federal or state laws to minimum wages and

14  unpaid overtime as set forth in the FLSA or any other federal or state laws.  Each party agrees

15  that he or she is entering into this Settlement Agreement because of uncertainty over the outcome

16  of the litigation and the potential for plaintiffs to receive anywhere from no damages to full

17  liquidated damages and attorneys' fees should these actions proceed to a final judgment and is

18  therefore not waiving any entitlement to overtime that he or she possessed under the FLSA or

19  any other federal or state laws.

20        Each party understands, acknowledges, and agrees that this is a compromise settlement of

21  disputed claims, and that nothing herein shall be deemed or construed at any time or for any

22  purpose as an admission of the merits of any claim or defense.

23        **10.4    ASSIGNMENT OF RIGHTS BY PLAINTIFFS:**

24        Except for such assignations, transfers, or grants which may have occurred upon

25  operation of law, the parties have not heretofore assigned, transferred, or granted, or purported to

26  assign, transfer, or grant, any of the claims, demands, causes of action, obligations, liens,

27  judgments, orders, damages, liabilities, losses, costs and expenses of any kind, in law or in

28  equity, whether known or unknown, that parties now hold, will ever hold, or have ever held



1  against the other related to this case, including, but not limited to: 1) any and all claims,

2  demands, or causes of action reflected in the lawsuit; 2) any and all claims, demands, or causes

3  of action arising out of or in any way connected with any transactions, occurrences, acts or

4  omissions set forth or alleged in the lawsuit; or 3) any and all claims, demands, or causes of

5  action arising out of or in any way connected with any transactions, occurrences, acts or

6  omissions occurring prior to the entry of a Stipulated Judgment by the Court.

7      **11.**    **REIMBURSEMENTS:**

8      The parties further agree that the amounts to be paid by the City to Class Counsel

9  pursuant to the Confidential Disbursement Order of this Agreement constitutes full compensation

10  of the attorneys' fees and costs to which the *Brehm* and *Lara* plaintiffs are entitled by law from

11  the City. Any additional fees and/or costs associated with the prosecuting of the *Brehm* and *Lara*

12  actions shall be borne solely by the *Brehm* and *Lara* plaintiffs and/or Class Counsel.

13      **12.**    **JURISDICTION:**

14      This Agreement, upon execution by the parties and entry of a Stipulated Judgment by the

15  Court, shall have the effect of a binding judgment. In the event of breach of this Agreement by

16  any of the parties, the Court shall have the authority to enforce any and all of the terms and

17  conditions contained herein for a five (5) year period commencing with the Court's approval of

18  the terms of this Agreement. If any action is instituted to enforce this Agreement, the Court shall

19  have jurisdiction to award attorneys' fees and costs to the prevailing party.

20      **13.**    **ENTIRE AGREEMENT IS INTEGRATED:**

21      The parties agree that the obligations contained in this Agreement are the sole and only

22  consideration for it, and that no representations or inducements have been made by any party, or

23  such party's employees, agents, or attorneys, except as specifically set forth in this Agreement.

24  There is no other Agreement, written or oral, express or implied, between the parties with respect

25  to the subject matter of this Agreement except as explicitly referred to herein. This Agreement

26  supersedes any previous oral or written agreements or understandings between the parties

27  regarding any matter contained in the Agreement. This Agreement cannot be amended,

28  ///

91 — Ex C 27-30

1    modified, or supplemented in any respect except by a written agreement executed by the parties

2    identified in section 20 of this Agreement.

3    **14.    SUCCESSORS:**

4          This Agreement shall be binding upon plaintiffs and their heirs, representatives,

5    executors, administrators, successors and assigns, and shall inure to the benefit of each and all of

6    the heirs, representatives, executors, administrators, successors, and assigns.

7    **15.    JOINT DRAFTING OF AGREEMENT:**

8          The *Brehm* and *Lara* plaintiffs, through their Class Counsel, and the City, through its

9    attorneys, have participated in the drafting of this Agreement.  The attorneys for all parties by

10   their signature on this Agreement approve it as to form, and accordingly, the normal rule of

11   construction to the effect that any ambiguities are to be resolved against the drafting parties will

12   not be employed in any interpretation of this Agreement.

13   **16.    STIPULATED JUDGMENT:**

14         Upon execution by the parties in the manner set forth above and the Court's

15   determination that the Proposed Settlement is fair, adequate, and reasonable, this Agreement

16   shall be submitted to the Court for entry of a stipulated judgment.

17   **17.    WITHHOLDING OF TAXES FROM SETTLEMENT AMOUNTS:**

18         The parties agree and the Court so determines that the lump sum cash payments set forth

19   in Confidential Disbursement Order (Attachment A) to the Agreement that are designated as

20   back wages are wages subject to full withholding of federal and state income and other payroll

21   withholding taxes.

22         The parties agree and the Court so determines that the cash payments set forth in the

23   Confidential Disbursement Order (Attachment A) to this Agreement that are designated as

24   liquidated damages and/or attorneys' fees and costs, are not wages.  Since these amounts are not

25   wages, the parties believe that such amounts are not subject to federal and state income or other

26   payroll tax withholding requirements, although they may be taxable as gross income.

27         Plaintiffs are encouraged to consult with a tax advisor or attorney to determine

28   independently any federal, state, or local tax consequences of the settlement amounts, and no

92    Ex. C 28-30

1  opinion on any tax matter is expressed herein.  Plaintiffs are solely responsible for reporting

2  amounts received as liquidated damages pursuant to this Agreement to any applicable federal,

3  state or local agency as required by law.

4          The withholding of taxes with respect to the disbursement of funds classified as wages

5  under the Confidential Disbursement Order will be made in accordance with the W-4 form each

6  plaintiff has on file with the City.  No taxes will be withheld from the disbursement of funds

7  classified as liquidated damages under the Confidential Disbursement Order.  The parties agree

8  that the City may report funds paid as liquidated damages on IRS Form 1099 as compensation

9  paid to each plaintiff and shall not withhold from or remit payment to the Internal Revenue

10 Service on account of such payment.  Plaintiffs will be responsible for any and all taxes

11 associated with this lump-sum payment for liquidated damages as designated in the Confidential

12 Disbursement Order.

13         **18.    FORCE MAJEURE:**

14         If any act of God, riot, natural disaster, war, armed conflict, or other event of a similar

15 nature occurs which substantially impairs the ability of a party to perform the terms of this

16 Agreement, then either party may terminate the Agreement upon application and approval by the

17 Court.

18         **19.    SEVERABILITY:**

19         This Agreement shall be considered severable, such that if any provision or part of the

20 Agreement is ever held invalid under any law or ruling, that provision or part of the Agreement

21 shall remain in force and effect to the extent allowed by law, and all other provisions or parts

22 shall remain in full force and effect.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

93: Ex. C 29-30

20.    **EXECUTION OF THIS AGREEMENT**:

     20.1    **EXECUTION BY THE CITY**:

The Charter for the City provides that only the City Council has authority to enter into this Agreement.  Therefore, this Agreement may only be approved by the City by an action of the City Council.

     20.2    **EXECUTION BY THE PLAINTIFFS**:

This Agreement will be executed on behalf of plaintiffs by Class Counsel.


THE PETERSEN LAW FIRM


DATED: 12/19, 2002

GREGORY G. PETERSEN, ESQ., Class Counsel in *Brehm v. City of Los Angeles* and *Lara v. City of Los Angeles*


CITY OF LOS ANGELES


DATED: 1/9, 2003    By:

GARY G. GEUSS
Assistant City Attorney


APPROVED AS TO FORM:


LIEBERT CASSIDY WHITMORE


DATED: 12/26, 2002    By:

PETER J. BROWN
Attorneys for Defendant, City of Los Angeles

Page 18 of 18

9.4   Ex. C 30-30

## PROOF OF SERVICE

STATE OF CALIFORNIA     )
                           ) ss.
COUNTY OF ORANGE      )

      I am employed in the county of Orange, state of California. I am over the age of eighteen and not a party to the within action; my business address is: 4675 MacArthur Court, Suite 1250, Newport Beach, California 92660.

      On February 14, 2006, I served the within **[PROPOSED] STIPULATED JUDGMENT** by placing ____ the original / _X_ a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

| Brian Walter, Esq.<br>LIEBERT CASSIDY WHITMORE<br>6033 West Century Blvd., Ste 601<br>Los Angeles, California 90045 | Attorneys for Defendant,<br>CITY OF LOS ANGELES |
|---|---|

(X)    **BY MAIL:** I am "readily familiar" with this firm's practice of collection, processing, and depositing mail, with postage fully prepaid, with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that, on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing as stated in the affidavit.

( )    **BY FACSIMILE:** In addition to the above service by mail, hand delivery, or Federal Express, I caused said document(s) to be transmitted by facsimile to the addressee(s).

( )    **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

(X)    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

      Executed on February 14, 2006, at Newport Beach, California.

_Karrie A. Preston_
Karrie A. Preston

-1-